### 25961. McGILL v. THE STATE.

UNDERCOFLER, Justice. This appeal is from a conviction and sentence of 20 years imprisonment for rape. *Held:*

1. The appellant contends that the trial court erred in per-

mitting a consolidated trial on two separate indictments for different crimes without the affirmative consent of the defendant. One indictment contained 3 counts of battery on 3 different persons. The other indictment was for rape of another person on another date. The defendant proceeded to trial and sentence without objection.

A defendant may be tried for separate and distinct offenses at the same time with his consent. *Morris v. Aderhold,* 201 Ga. 533, 534 (40 SE2d 747); *Sides v. State,* 213 Ga. 482, 485 (99 SE2d 884). When a defendant joins issue on separate indictments in a consolidated trial and proceeds to sentence, as in this case, without objection he is deemed to have consented to such procedure. See *Gilbert v. State,* 65 Ga. 449, 451; *Swain v State,* 162 Ga. 777 (6) (135 SE 187). The appellant's contentions are without merit.

2. The trial court did not err in denying the appellant's motion for new trial on the general grounds. We have read the entire transcript of evidence carefully and find it sufficient to support the verdict. The victim testified that she was raped, that she made an immediate outcry to her mother-in-law; that she sought immediate medical treatment, and that the police were notified by the doctor. A police officer who immediately thereafter made a full investigation found evidence of the crime at the scene. *Riggins v. State,* 226 Ga. 381 (5, 6) (174 SE2d 908).

3. The trial court did not err in sustaining objections to the following questions propounded to the victim by defense counsel: "What do you consider a great hurt—the threat of rape or possible cut on the arm?" "That he appeared to be overweight, that he was not too well educated. Now, putting first the physical and emotional characteristics together did this man appear to you to be ill in any way?" There was no relevant connection between the testimony sought to be elicited and the issues in the case. A ruling excluding evidence will be affirmed if it is correct for any reason. *Edmonds v. State,* 201 Ga. 108, 131 (39 SE2d 24).

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

Argued September 17, 1970—Decided October 8, 1970—
Rehearing denied October 22, 1970.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, Carter Goode, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General,* for appellee.