47331, 47332. BRADFORD v. THE STATE (two cases).

DEEN, Judge. 1. In civil cases, *Code Ann.* § 81A-142 specifically provides for consolidation of trials in actions involving a common question of law or fact, but only if all parties thereto consent. In criminal cases, while no statute expressly deals with the question, the same rule obtains. See 59 ALR2d Anno., 841, 859. *Morris v. Aderhold,* 201 Ga. 533 (3) (40 SE2d 747) holds that where a party is accused of separate and distinct violations the cases may by agreement be tried jointly, but this cannot be done except by consent. In *Sides v. State,* 213 Ga. 482, 485 (99 SE2d 884) the Supreme Court agreed with the solicitor general that clearly he could not try the defendant simultaneously on three indictments without the defendant's consent. A waiver will result from a failure to object to the procedure. *McGill v. State,* 226 Ga. 802 (1) (177 SE2d 675).

The defendant here was jointly indicted with another on two counts of possession and sale of narcotics. A search following his arrest in connection with the narcotics sale resulted in the discovery of a pistol on his person, and a two-count indictment issued against him singly based on illegal possession of the firearm. The defendants elected to sever. Bradford was tried under consolidated indict-

ments and found guilty on each of the four counts involved. The evidence against him on the narcotic violations was weak, and the hesitation of the jury is shown by the fact that the court after some time called them in to urge them to agree, and also by the fact that misdemeanor punishment was recommended, although this recommendation was not followed. Under these circumstances it cannot be said that the consolidation of the cases was not prejudicial to him. Nor were the felony and misdemeanor charges in any way related in such manner that proof of one offense would tend to support proof of the other. The defendant objected to simultaneous trial under the two indictments, and he had a right to separate trials in the absence of consent to joinder. Nothing to the contrary appears in *Code Ann.* § 26-506 (Ga. L. 1968, pp. 1249, 1267) relating to multiple prosecutions for the *same* conduct, and requiring that several crimes arising from the same conduct, if known and if within the jurisdiction of the court, *must* be prosecuted in a single prosecution, since the offenses of selling narcotics and possessing a pistol without a license do not arise from the same conduct. We observe that *McGill v. State,* 226 Ga. 802, supra, decided in 1970, is based on waiver under the general rule and not on the 1968 statute. What is said here, of course, relates to separate indictments and does not deal with a multi-count single indictment. The impermissible consolidation of indictments is error requiring a new trial in each case.

2. The court properly overruled a motion to suppress evidence of the pistol found on the defendant's body during a search allegedly based on an illegal arrest without a warrant. The offenses of possessing and selling narcotics were committed in the officers' presence under the following circumstances: two undercover agents contacted one Michael Howard who agreed to sell them certain narcotics. Following Howard's directions they met him at a motel. Howard was accompanied by the defendant, a passenger in the car and until then unknown to the officers.

One of the latter gave Howard $750, and Howard then left, instructing the defendant and the officers to wait for him in the motel. According to the officers Bradford was present when the money and some words were exchanged; according to the defendant he was walking around the car and did not see or hear them. According to the officers it is usual for one who is given money to purchase dope to leave a confederate as a sort of hostage ("arm") for his return with the contraband, and Bradford was apparently serving this function; according to Bradford, Howard was going to the bank and simply told the men to wait for him and they would go on to the restaurant. In any event, Howard returned and immediately thereafter the pills were located at the spot designated by him in the officers' automobile and both defendants were arrested. The crime was therefore committed in the presence of the officers (*Code* § 27-207), and there was at least probable cause to believe that the defendant was present aiding and abetting the sale (*Code Ann.* § 26-801). The arrest being lawful, the search incident thereto was proper.

3. The court did not err, as to the charge of illegal sale of narcotics, in charging the law of conspiracy. *Bruster v. State*, 228 Ga. 651 (3) (187 SE2d 297).

4. Evidence that the defendant's former wife had on some undetermined previous occasion sworn out an abandonment warrant against him is completely irrelevant to any of the issues in these cases. Whether under the circumstances it constituted reversible error need not be passed upon as the cases are to be retried. For the same reason, the remaining enumerations of error are either moot or not likely to recur, and are therefore not decided.

*Judgments reversed. Eberhardt, P. J., and Clark, J., concur.*

SUBMITTED JULY 7, 1972—DECIDED JULY 14, 1972.

*Paul C. Myers*, for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg, Joseph J. Drolet,* for appellee.