27586.   LOFTIN v. THE STATE.

JORDAN, Justice. The defendant waived jury trial and was found guilty on indictments charging him with rape, and armed robbery, misdemeanor pistol, and auto theft. The first three indictments grew out of an occurrence on September 9, 1971, in which the state's evidence showed that he forced himself at gunpoint into his victim's car at 1:00 a.m. near Underground Atlanta, drove her to a secluded spot where he twice raped her at gunpoint, and took some twenty-three dollars from her purse. When he stopped at a service station for gas, the victim grabbed his pistol, jumped from the car and called the police. The auto theft indictment on which he was convicted arose from a separate event on September 25, 1971. The defendant appeals, enumerating error on the ground that defendant was entitled to a separate trial on the auto theft indictment and that the state failed to prove venue in Fulton County in the rape and related cases. *Held:*

1. The first enumeration of error is without merit since the record fails to show that a proper objection was made in the trial court to the state proceeding on all the indictments in one trial. Defendant's counsel merely stated that objection was made "to the State proceeding against him on all indictments. They are

separate indictments." The court overruled the motion and the cases proceeded to trial.

That the state could proceed on the first three indictments, as the defendant concedes, is in our opinion obviously controlled by the provisions of § 26-506 of the Criminal Code requiring a single prosecution for multiple offenses involving the same conduct known to the prosecuting officer and within the jurisdiction of a single court, except where the trial judge in the interest of justice may order separate trials for one or more of the charges. See, in this connection, *Henderson v. State,* 227 Ga. 68, 76 (179 SE2d 76); *Pass v. State,* 227 Ga. 730 (182 SE2d 779); *Steele v. State,* 227 Ga. 653 (182 SE2d 475).

Assuming arguendo that a proper demand was made for a separate trial on the indictment for auto theft, an offense not arising from the same conduct involved in the other indictments, we recognize the rule that a defendant cannot be tried simultaneously under two or more indictments for unrelated offenses without his consent, as stated in *Bradford v. State,* 126 Ga. App. 688 (191 SE2d 545) and as recognized by this court in numerous cases, e.g., *McGill v. State,* 226 Ga. 802 (177 SE2d 675); *Morris v. Aderhold,* 201 Ga. 533, 536 (40 SE2d 747); *Sides v. State,* 213 Ga. 482 (99 SE2d 884). However, this rule, insofar as it may be applicable to situations outside the scope of § 26-506 of the Criminal Code, is for application only to jury trials, involving a possibility of prejudice where a single jury is permitted to consider all alleged offenses, as distinguished from the situation here where the defendant had waived trial by jury, and was thus subject to trial before a judge acting as a trior of law and fact and who, had he granted severance, would nevertheless have been qualified to try by separate trial the charges which were tried simultaneously.

2. Evidence of venue, though slight, is sufficient in the

absence of conflicting evidence. *Climer v. State,* 204 Ga. 776 (51 SE2d 802). Venue may be proved by circumstantial as well as direct evidence. The evidence here, direct and circumstantial, was sufficient to prove venue of the crimes in Fulton County.

*Judgment affirmed. All the Justices concur.*
SUBMITTED DECEMBER 12, 1972—DECIDED JANUARY 23, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Joel M. Feldman, Isaac Jenrette, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.