## 31929. WAITES v. THE STATE.

JORDAN, Justice.

The indictment against Charlie Glenn Waites charged him in the first count with the murder of John Robert Dobbs, and in the second count with cruelty to the same child by burning him with a curling iron. He was convicted of both offenses, and consecutive sentences of life imprisonment and five years were imposed. He appeals these convictions.

1. The appellant enumerates as error the denial of the general grounds of his motion for new trial.

The deceased child, whose age was between two and three years, was the stepson of the appellant. Under the medical testimony, the child's death was caused by a blunt force blow to the head. The child also had burn injuries and multiple bruises.

The circumstantial evidence and the incriminating admissions of the appellant authorized the finding by the jury that the appellant was guilty under both counts of the indictment.

2. The appellant enumerates as error the denial of his motion to sever the two counts of the indictment for the purposes of trial.

Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267) provides that where several crimes arising from the same conduct are known to the proper prosecuting officer at the time of the commencement of the prosecution and are within the jurisdiction of a single court, they must be

prosecuted in a single prosecution, except that the court "in the interest of justice" may order that one or more of the charges be tried separately. This Code section was designed to protect an accused against the harassment of multiple prosecutions arising from the same conduct.

In *Jarrell v. State,* 234 Ga. 410, 412 (1) (216 SE2d 258) (1975), the accused was charged with the kidnapping, armed robbery, aggravated assault and murder of the victim. These crimes were all said to arise from the same conduct, and it was held that the trial judge did not abuse his discretion in refusing to sever the crimes for trial. Consideration was given in that case to the fact that the same circumstantial and confession evidence would have been admissible in separate trials for the different crimes if severance had been granted. It was there noted that the determination of the question of severance was to be made "in the interest of justice" (Code Ann. § 26-506 (c)) and that the interests of the accused are to be balanced with the interests of the state.

In *Coker v. State,* 234 Ga. 555, 557 (216 SE2d 782) (1975), the accused was charged with armed robbery, rape, kidnapping, motor vehicle theft, and escape. It was held that all the crimes were a part of a continuous transaction and that the trial judge did not abuse his discretion in denying severance of the crimes for trial.

In *Goughf v. State,* 232 Ga. 178, 181 (205 SE2d 844) (1974), where the evidence showed a "scheme and purpose to obtain narcotics which encompassed a burglary, a motor vehicle theft and an armed robbery within the span of a few hours," it was held that the interests of justice would not have been served by ordering separate trials.

The crimes charged against the appellant in the present case were alleged to have been committed in a period of eight days. However, the child's death did not occur immediately after the fatal head injury, and under admissions of the appellant, the burning injuries occurred two days before the child was taken to the hospital because of the head injury. The effects of the earlier acts of cruelty by burning were visible at the time the child was brought to the hospital. The evidence shows that the two crimes were a part of a continuous series of acts of cruelty to the child, culminating in his murder, and thus the

crimes arose from the same conduct.

Much of the circumstantial evidence introduced to prove the appellant's guilt of murder was admissible to prove his guilt of the cruelty charge. Incriminatory statements of the appellant admitted in evidence referred to both the head injury and the burns, and were admissible on both charges. On the other hand, the burns did not cause the child's death, and the jury could easily separate the two charges for determination of the verdict to be reached in each.

After a careful consideration of the evidence we are convinced that the trial judge did not abuse his discretion in refusing severance for trial of the two counts of the indictment.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Ingram, Hall and Hill, JJ., concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED APRIL 22, 1977.

*Sidney A. Emeson, Gregory A. King,* for appellant.
Charlie Waites, *pro se.*
*Randall Peek, District Attorney, Cal Leipold, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.