## 57171. BOYKIN v. THE STATE.

DEEN, Chief Judge.

1. The verdict of aggravated assault with intent to rob is amply supported by the evidence. The defendant, after borrowing a light from the victim, followed her for several blocks and eventually tried to seize her pocketbook; as she commenced screaming for help he threatened to "stick her," and thereafter stabbed her, causing a wound in the back some two inches in depth which partially severed her spinal cord. The defendant was identified by the victim and by a witness who had come to her aid on hearing the screams. While there is some evidence that the defendant was intoxicated at the time, there is none which would demand a conclusion that

he was acting out of mental aberration. The general grounds are without merit.

2. "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other." Code § 26-506 (a). The defendant here was indicted in two counts for aggravated assault with intent to rob and aggravated battery. Both counts refer to the same transaction. Under subsection (b) of the same statute two crimes arising from the same conduct must ordinarily be prosecuted at the same time. Here one count required proof of intent to rob, and the other the infliction of a battery, but both were involved in the same transaction and the court instructed the jury that they might return a guilty verdict on either one but not both of the charges. Since both crimes arose from the same conduct, there was no error in denying the motion to sever. *Waites v. State,* 238 Ga. 683 (235 SE2d 4) (1977).

3. The appellant also contends that the court should have charged Code § 26-703 to the effect that a defendant shall not be found guilty if the act constituting the crime was committed because of a delusional compulsion sufficient to overmaster the will to resist. The defendant had been hospitalized for schizophrenia, and a witness offered as a psychiatric expert stated that the defendant had told him he thought he was dead and that some alien force was controlling his body. The witness further stated that he did not see the defendant suffering from any compulsion, that there was no evidence he did not know right from wrong, and that even if he had a delusion he did not claim that this led him to perform any particular act, and it was therefore not, in his opinion, a delusional compulsion. The failure to charge Code § 26-703 was not error. Cf. *Graham v. State,* 236 Ga. 378 (223 SE2d 803) (1976).

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

SUBMITTED FEBRUARY 12, 1979 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 26, 1979.

*Billy L. Spruell, R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.