62122. SNELL v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was tried and convicted on a two-count indictment charging robbery by snatching and forgery of a check from the pocketbook of the victim, and a three-count indictment charging robbery by snatching the purse of one victim, attempt at robbery by snatching of the purse of her companion, and pointing a gun at the second victim. The crimes alleged in the second indictment occurred two days after those alleged in the first one. No objection to the joint trials was made, and the issue will accordingly not be considered by this court, as it does not reach a constitutional threshhold. The well established rule is that separate and distinct offenses of a similar nature may be joined in the same indictment. *Edwards v. State,* 226 Ga. 811 (1) (177 SE2d 668) (1970). And a defendant may with his consent be tried at the same time on indictments charging separate offenses. *McGill v. State,* 226 Ga. 802 (177 SE2d 675) (1970). Failure to object constitutes a waiver.

*Bradford v. State,* 126 Ga. App. 688 (191 SE2d 545) (1972).

2. "Decisions of counsel, properly described as trial tactics, do not equate to ineffective assistance of counsel." *Harrell v. State,* 139 Ga. App. 556, 558 (228 SE2d 723) (1976).

As to one of the robberies described in the indictment defense counsel and the district attorney stipulated that a witness, whose distance from the place of trial would have caused a delay, did in fact have her purse snatched by an unidentified black male on the date in question, that there were some checks in the pocketbook, and that she had not authorized any other person to sign her name to her checks. The forged check was of course produced and identified. Nothing in the stipulation connected the defendant with the occurrence. A stipulation by the defendant in a criminal case not withdrawn is, like an admission in judicio, binding upon him. *Tribble v. State,* 89 Ga. App. 593, 598 (80 SE2d 711) (1954); *Harris v. State,* 133 Ga. App. 310 (1) (211 SE2d 144) (1974).

3. The evidence in each case was adequate to establish the guilt of the defendant beyond a reasonable doubt.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 17, 1981.

*John D. Allen,* for appellant.
*William J. Smith, District Attorney, Gray Conger, Assistant District Attorney,* for appellee.