## 62158. GREEN v. THE STATE.

DEEN, Presiding Judge.

Abraham Green appeals from his convictions of armed robbery and ten counts of forgery.

1. The trial court did not err in trying the indictment for armed robbery together with the indictment containing the forgery counts. The armed robbery indictment alleged that he stole certain money orders and $285 in cash from a Majik Market on May 25, 1980. The second indictment alleged that he and an accomplice forged and cashed the ten stolen Majik Market money orders between May 25 and May 30, 1980. At trial, it was proved that the stolen money orders were the same ones which were forged and presented for payment on the dates alleged.

Under the ABA Standards on the Joinder of Offenses as promulgated in *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752) (1975), offenses may be joined when they "(b) are based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." As in *Davis v. State,* 158 Ga. App. 549 (1981), the crimes charged revealed a common plan or scheme. Under the holding in *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980), admissible at the trial of the other. We therefore find no abuse in the trial court's discretion in permitting the offenses alleged in the two indictments to be tried together.

2. It was not error for the trial court to deny the motion to suppress. The arresting officer testified that an arrest warrant was obtained on June 18, 1980, and that appellant was not arrested until

July 2 because he could not be located at his residence. Finally the officers obtained a key from the rental agent, knocked on the door, announced "Police" and waited for a reply. When no answer was forthcoming, they opened the door with the key and found appellant lying on a sofa. After the arrest, a search warrant for the premises was obtained.

Under Code Ann. § 27-205, "In order to arrest under a warrant charging a crime, the officer may break open the door of any house where the offender is concealed." Appellant argues that the police are required not only to announce their presence, but also their purpose under *Barclay v. State,* 142 Ga. App. 657 (236 SE2d 901) (1977). His reliance upon this case is misplaced as *Barclay* requires notice of authority and purpose for the proper execution of a search warrant and for entry pursuant to an arrest without a warrant.

In the present case, we find no error in the court's holding that the police officer's knock and announcement was sufficient.

3. It was not error to admit evidence that appellant altered and passed three money orders not charged in the indictment. The rule for the admission of other crimes requires: (1) Evidence that the defendant was the perpetrator of the other crime, (2) That there is a sufficient similarity between the independent crime and the indicted offense so that proof of the one tends to prove the other. *Moore v. State,* 221 Ga. 636 (146 SE2d 895) (1966). The evidence shows that the victims identified the defendant as the person who cashed the three forged money orders.

4. Appellant's contentions that the admission of a social security card bearing the name "Mary Y. Everett" was error and that the trial court also erred in failing to give curative instructions to the jury following the state's improper remarks concerning Mary Everett's absence are without merit.

As appellant has not argued his first contention or cited any legal authority to support it, this part of his enumeration is deemed to be abandoned. Court of Appeals Rule 15 (c) (2).

As to his second contention, he objected to the district attorney arguing that Ms. Everett was subpoenaed when that fact was not in evidence. The district attorney responded that counsel was correct and that he would state in his place that she was subpoenaed. The court ruled that this fact was not in evidence and instructed the district attorney to confine his argument to the evidence. As appellant did not request further curative instructions, he cannot complain on appeal of the court's failure to give them. *Blair v. State,* 144 Ga. App. 118 (240 SE2d 319) (1977).

5. The record shows that the testimony of appellant's accomplice was corroborated by the testimony of a third party and

that at the time of his arrest identification used to cash the money orders was found in his possession. Under Code § 38-121, testimony of an accomplice must be corroborated. The corroboration need not be sufficient to warrant a guilty verdict or prove all the material elements of the crime. All that is required is that it tend to connect and identify the defendant with the crime charged. *Turner v. State,* 235 Ga. 826 (221 SE2d 590) (1976). The evidence was ample to corroborate the testimony of the accomplice.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JUNE 19, 1981.

*Thomas F. Jarriel,* for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys,* for appellee.