## 65542. LITTLE v. THE STATE.

BANKE, Judge.
Appellant was indicted separately on two charges of selling marijuana in violation of the Georgia Controlled Substances Act. The

matters were consolidated for trial, and the jury returned a verdict of guilty on one charge but not guilty on the other. Appellant received a sentence of seven years imprisonment to be followed by three years probation.

The evidence adduced at trial was essentially uncontroverted. On January 22, 1982, Foster, a narcotics agent with the GBI, accompanied by a confidential informant, approached appellant and inquired about the prospect of purchasing some marijuana. Appellant indicated that he could procure marijuana for Foster and later that day did produce 3.8 ounces of the substance. Foster paid appellant $85 for the contraband and delivered it to the State Crime Laboratory in Macon, Georgia, where test results proved positive for marijuana.

The evidence regarding the second charged violation on February 6, 1982, followed the same pattern. Foster approached appellant seeking to purchase marijuana, and appellant procured a substance alleged to have been marijuana for which Foster paid appellant another $85. Again, Foster delivered the substance to the State Crime Laboratory, but evidence of the test results was not admitted at trial because appellant had not been provided a copy of the scientific report before trial.

On appeal, appellant contends that (1) the evidence was insufficient to support the conviction, (2) the trial court erred in denying his motion to sever the indictments for trial, (3) the trial court erred in allowing Foster to testify that numerous persons and authorities had told him that appellant was a drug dealer, and (4) the trial court erred in disallowing cross-examination of the prosecution witness concerning the identity of the confidential informant who had witnessed the transaction. *Held:*

1. Appellant's assertion that the evidence was insufficient to support the conviction is without merit. Review of the evidence clearly shows that a rational trier of fact could have reasonably found from the evidence adduced at trial that appellant was guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980). Indeed, given the uncontroverted nature of the evidence, it appears that the finding of guilt was not merely reasonable but virtually demanded.

2. Appellant next argues that the trial court erred in denying his motion for severance, relying upon *Bradford v. State,* 126 Ga. App. 688 (191 SE2d 545) (1972), for the proposition that consolidation of separate indictments is impermissible unless the defendant has consented to such. However, the Supreme Court has recently held as follows: "The underlying consideration regarding the issue of a joint trial on two or more indictments is whether undue or great risk of

prejudice from a joint disposition of charges would result. *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975). Where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the discretion of the trial judge. *Coats v. State,* 234 Ga. 659 (217 SE2d 260) (1975)." *Jackson v. State,* 249 Ga. 751, 758 (295 SE2d 53) (1982). This court has also ruled, subsequent to the 1972 *Bradford* decision, that the decision to grant a severance lies within the discretion of the trial court even where the offenses are separately indicted. See *Green v. State,* 159 Ga. App. 28 (283 SE2d 19) (1981); *Schamber v. State,* 152 Ga. App. 196 (262 SE2d 533) (1979).

Continuing sales of the same type of contraband, as in the case before us, constitute a single scheme or plan and may thus be joined in a single prosecution. *Whisenhunt v. State,* 156 Ga. App. 583 (275 SE2d 82) (1980). Indeed, for this same reason evidence of other such offenses would be admissible for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct, even if each of them was tried separately. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980). The trial court certainly did not abuse its discretion in denying appellant's motion for severance in this case.

3. At trial, the court allowed Foster to testify, over appellant's objection, that he had begun his investigation of appellant because "local authorities . . . Mr. Whidby, Sheriff Resseau, and the GBI personnel" had told him that appellant was a suspected drug dealer. Appellant asserts that such testimony was inadmissible hearsay and so prejudicial as to require new trial. We agree that the testimony was inadmissible but find that its admission was not reversible error in this case.

OCGA § 24-3-2 (Code Ann. § 38-302) provides that "when, in a legal investigation, information, conversation, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted not as hearsay but as original evidence." The Supreme Court has recently ruled that this code section permits the admission of such evidence only when "the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial)" *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982). In this case, the basic issue on trial was whether or not appellant had sold marijuana to agent Foster; and Foster's reason for initiating the investigation of appellant was not, strictly speaking, relevant to any issue being tried. Thus, the testimony was not admissible within the scope of *Momon.*

Notwithstanding this finding, however, it is apparent that its admission did not result in reversible error. The evidence of appellant's guilt was direct and uncontroverted. In determining

whether error was harmful, the "highly probable test" is applicable, and we find it highly probable that the admission of the testimony, if error, did not contribute to the verdict. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976); *Momon v. State,* supra.

4. Appellant contends that the trial court erred in disallowing any cross-examination of Foster regarding the identity of the confidential informant who had accompanied him to appellant's establishment. He argues that the informant's identity was not privileged because the informant not only witnessed but participated in the transaction upon which appellant's conviction was based.

The record shows that the informant did witness the transaction; however, from agent Foster's testimony that he had broached the subject of purchasing marijuana and had handled the entire deal with appellant, it does not appear that the informant actively participated in the deal. We do not believe that the informant's limited role here constituted such an active part in the offense as to require his disclosure. *Greene v. State,* 134 Ga. App. 658 (215 SE2d 536) (1975).

"Where a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law . . . but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances." *Taylor v. State,* 136 Ga. App. 31 (220 SE2d 49) (1975). Here, where it appears that disclosure of the informant's identity would at most serve to provide possible testimony to impeach the agent's testimony, we do not find nondisclosure an abuse of discretion by the trial court. See *Oliver v. State,* 146 Ga. App. 798 (247 SE2d 487) (1978).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 25, 1983 —
REHEARING DENIED FEBRUARY 9, 1983 —

*Milton F. Gardner, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Al C. Martinez, Jr., Assistant District Attorney,* for appellee.