## 67155. SPAULDING v. THE STATE.

CARLEY, Judge.

Appellant was convicted of possession of cocaine with intent to distribute. He appeals from the denial of his motion for a new trial.

1. At trial, appellant sought to "limit" certain testimony by Detective Jenkins, on the grounds that the testimony was hearsay and prejudicial. The testimony was not "limited" by the trial court, but was instead admitted fully into evidence. Appellant urges that the admission of the entirety of the testimony into evidence was error.

Detective Jenkins testified in pertinent part as follows: A confidential reliable informant advised that he had been at appellant's home when appellant's wife showed him a large quantity of cocaine. According to the informant, the cocaine was to be "cut" for distribution at appellant's residence. However, the informant later disclosed to Detective Jenkins that the location of the cut had been changed from appellant's residence to a certain apartment. The cut and distribution was to take place later that day. Based on this information, a surveillance of appellant, his residence, and the apartment where, allegedly, the drugs were to be cut for distribution was initiated and maintained. Detective Jenkins testified as to the exact location of the police officers conducting the surveillance, and the activities of appellant on the day in question. Detective Jenkins further testified that appellant and two other individuals were observed entering, and several hours later, departing, the subject apartment. After receiving further information that the drugs had been cut and were about to be distributed, the police officers pursued and stopped the automobile in which appellant had departed the apartment and in which he was a passenger. A brown paper bag which was later confirmed as containing cocaine was seized in appellant's possession.

Appellant sought to exclude only that portion of Detective Jenkins' testimony to the effect that the informant had told him that

he had seen a large amount of cocaine in appellant's home. The grounds upon which this "limitation" was unsuccessfully sought were those of hearsay and prejudice. It is now urged on appeal that those objections were erroneously denied. The state, on the other hand, contends that the testimony was not hearsay, and was admissible as original evidence under OCGA § 24-3-2 (Code Ann. § 38-302).

In order to "prevent an overly broad interpretation" of OCGA § 24-3-2 (Code Ann. § 38-302), our Supreme Court has adopted the following criteria: "When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2 (Code Ann. § 38-302)]." *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982). In *Momon,* the testimony of two detectives had been offered to prove that the defendant had committed a similar prior offense. Their testimony was hearsay "and was not admissible under [OCGA § 24-3-2 (Code Ann. § 38-302)] to explain the detectives' conduct or motives." *Momon v. State,* supra, 867.

"Whether it is necessary for the state to explain why a defendant was arrested at the time, the place and under the circumstances shown, depends upon the facts of the particular case. [Cit.]" *Mincey v. State,* 251 Ga. 255 (12) (304 SE2d 882) (1983). In the case at bar, Detective Jenkins' testimony concerning the statements made by the informant was admitted solely for the purpose of explaining the conduct of Detective Jenkins and the other police officers. The facts of this case are very similar to those of *Gaskins v. State,* 250 Ga. 386 (297 SE2d 729) (1982). In that case, the detective's testimony that the appellant's sister had told him that she had driven the appellant to the victim's house earlier that night, and that she had last seen the murder weapon at her house on January 19, was held to have been properly admitted over hearsay objections. The testimony was admissible for the limited purpose of explaining to the jury the detective's continuing investigation into the victim's death and his procurement of a warrant for the appellant's arrest on the morning of January 20. Likewise, in the instant case, Detective Jenkins' testimony concerning the specific statements made to him by the informant were properly admitted to explain the continued police surveillance of appellant and the stopping of the automobile in which he was riding. The jury was fully instructed as to the limited

admissibility of the testimony. Furthermore, as in *Gaskins,* we note that, in part, the "events described by Detective [Jenkins] in his testimony were later corroborated by other prosecution witnesses, and, to some extent, by the defendant himself." *Gaskins,* supra at 389. See also *Webb v. State,* 156 Ga. App. 623, 626 (275 SE2d 707) (1980); *Smith v. State,* 158 Ga. App. 663, 665 (281 SE2d 631) (1981).

Appellant's reliance on *Little v. State,* 165 Ga. App. 389, 391 (3) (300 SE2d 540) (1983) is misplaced. In that case, the narcotics agent testified that he had begun his investigation of the appellant because local authorities had told him that appellant was a suspected drug dealer. This court found that under the standard enunciated in *Momon,* the testimony was inadmissible because the agent's reason for initiating the investigation of appellant was not relevant to any issue being tried. Unlike the testimony in *Little,* however, Detective Jenkins' testimony dealt with statements made by the informant concerning specific unlawful acts by the appellant which were witnessed by the informant. The statements were admitted not merely to explain the reason for initiating an investigation, but to explain specific conduct by both Detective Jenkins and the other police officers, including surveillances at exact times and locations which led up to appellant's arrest. Accordingly, *Little* does not demand a contrary result.

2. In a separate enumeration, appellant further asserts that, even if Detective Jenkins' testimony was not hearsay under OCGA § 24-3-2 (Code Ann. § 38-302), it should have been "limited" on the ground that it was highly prejudicial to appellant. See *Arnold v. State,* 236 Ga. 534, 536-537 (5) (224 SE2d 386) (1976). In *Mooney v. State,* 243 Ga. 373, 393 (254 SE2d 337) (1979), however, it was held that "*Arnold* should not be read to rule, that [OCGA § 24-3-2 (Code Ann. § 38-302)] will not allow introduction of prejudicial evidence. That is not the law of this state, e.g., *Lloyd v. State,* 139 Ga. App. 625 (229 SE2d 106) (1976). In fact, the prejudicial nature of such evidence is largely irrelevant unless the testimony offends some other rule of evidence . . ." *Mooney,* supra at 393. Appellant did not assert at trial, nor does he now contend that the testimony of Detective Jenkins violates any rule of evidence other than that against hearsay. Based upon the foregoing, we find no error in the admission of Detective Jenkins' testimony concerning specific information given to him by an informant, which testimony was admitted solely to explain subsequent police activity. See *Payne v. State,* 163 Ga. App. 276 (293 SE2d 483) (1982).

3. Appellant asserts that his character was impermissibly placed into issue by the following testimony of Detective Jenkins: "We observed certain traffic which occurred at [appellant's] house,

involving other drug dealers." Appellant raised no objection to this testimony at trial. Therefore, any objection which appellant might have had to such testimony has been waived. *Bell v. State,* 144 Ga. App. 692 (242 SE2d 345) (1978); *Viener v. State,* 150 Ga. App. 175, 177 (257 SE2d 22) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 15, 1984.

*John R. Calhoun, William O. Cox,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.