A90A0949. BRIDGES v. THE STATE.
(395 SE2d 30)

</div>

DEEN, Presiding Judge.

Appellant Bridges was indicted in April 1987 on a charge of conspiring with thirty-four others to import into Georgia and deliver more than 100 pounds of marijuana, the conspiracy allegedly existing

between January 1, 1983, and April 3, 1987. See OCGA §§ 16-4-8; 16-13-33. In December of 1987 Bridges was indicted, together with one of the alleged conspirators, for the substantive offense of trafficking in marijuana by bringing into the State more than 100 pounds of marijuana between January 1, 1984, and March 20, 1987. See OCGA § 16-13-31 (c). Both indictments were based on the same conduct, the dates alleged in the second indictment representing the State's acquisition of more accurate information regarding the alleged illegal activities. According to the record before us, motions filed by defense counsel were designated to both cases jointly.

Of the thirty-five persons named in the first indictment, twenty-five plead guilty, two had their cases nol prossed, and six were never arrested. The thirty-fourth indictee plead guilty to the second indictment, and appellant was tried under both indictments jointly, over his objection to the joinder. At the conclusion of all the evidence the trial court instructed the jurors that if they found appellant guilty under the second indictment — i.e., actual trafficking in marijuana — they need give no further consideration to the offense charged in the first indictment; that is, conspiracy to traffic. The jury found Bridges guilty of actual trafficking in marijuana, and he was sentenced to twenty years' incarceration and a $40,000 fine. His motion for new trial, based on denial of his motion for directed verdict of acquittal, was denied. On appeal he enumerates as error the sufficiency of the evidence; the trial court's joining the two indictments for trial, over objection; and the correctness *vel non* of the trial court's jury instruction on possession. *Held*:

1. The prosecution introduced more than sufficient competent evidence to authorize the rational trier of fact to find Bridges guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Appellant's elaborate argument as to the interrelation of the two indictments, and the bearing of this interrelationship upon the evidence, is ingenious but both legally and logically irrelevant. This enumeration is without merit.

2. OCGA § 16-1-7 (b) prescribes that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ." Appellant alleges that the joinder occurred without notice to him. According to the trial transcript the following colloquy took place prior to the entrance of the jury array: "The Court: . . . The earlier indictment . . . involves a conspiracy based on the Georgia conspiracy statute [OCGA § 16-4-8]. . . . The other indictment . . . is a charge of trafficking, which, although it uses the terminology conspiracy, it is not conspiracy as it is contemplated in the Georgia statute. It is simply a party to the crime type [of] conspiracy. Because

the alleged crimes involve the identical witnesses and the identical conduct, in the discretion of the court I have allowed the joinder. . . .

"[Defense counsel]: I object to the last-minute joinder of the two indictments. Even as late as yesterday the implication was that we were going to try on the second or later indictment. . . .

"The State: Your Honor, . . . [a]t no point in time have I ever indicated to [defense counsel] that we would not seek joinder, that we would not pursue both charges, and I would point out that the motion to suppress which he filed yesterday includes both case numbers on it, indicating that both of them were involved in the same case, involved the same evidence and the same witnesses.

"[Defense counsel]: [Y]esterday there was no announcement by [the state] either way. I'll admit that he didn't tell me he was not going to [pursue both charges]. . . .

"The Court: Very well, the court has ruled and allowed joinder. . . ."

The purpose of the enactment of OCGA § 16-1-7 (b) (formerly Code Ann. § 26-506) was "to protect an accused against the harassment of multiple prosecutions arising from the same conduct." *Waites v. State*, 238 Ga. 683, 684 (235 SE2d 4) (1977). In *Jackson v. State*, 249 Ga. 751 (295 SE2d 53) (1982), Georgia's Supreme Court held, at 758: "The underlying consideration regarding the issue of a joint trial on two or more indictments is whether undue or great risk of prejudice from a joint disposition of charges would result. [Cit.] Where the joinder is based upon the same conduct . . ., severance lies within the discretion of the trial judge. [Cit.]" See also *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975); *Green v. State*, 159 Ga. App. 28 (283 SE2d 19) (1981).

The only case appellant cites in support of his contention that a defendant cannot be tried on consolidated indictments without his consent is inapposite in that this sole case, *Bradford v. State*, 126 Ga. App. 688 (191 SE2d 545) (1972), deals with "separate and distinct violations" (narcotics trafficking and illegal possession of a firearm), rather than, as here, with identical conduct designated in the two indictments as a substantive offense and conspiracy to commit the substantive offense. *Bradford* is thus readily distinguishable and does not affect the rule set forth in *Jackson*, supra, and affirmed in subsequent decisions.

3. Appellant's final enumeration of error is that the trial court incorrectly charged on possession. He asserts that in rejecting a requested charge (No. 14) and giving instead a charge on possession (including the distinction between actual and constructive possession) couched in slightly different language, the trial court has somehow given an erroneous charge and compounded the error by "confusing" the jury. He concedes, however, that it is not error for the trial court

to reject a requested charge if the charge actually given covers substantially the same ground.

Our review of the trial court's jury charge as a whole, and of the section on possession in particular, reveals nothing either erroneous or unclear. This enumeration, too, has no merit.

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I fully concur in Divisions 1 and 2. As to Division 3, the error enumerated is that the court's charge on possession was incorrect and that the court should have given defendant's requests to charge on that subject.

The defendant was not charged with trafficking by "possession" of cocaine but rather with trafficking by "bringing into this state" marijuana. OCGA § 16-13-31 (a) (1). Defendant requested charges on possession by way of certain quotations from *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). The court charged that trafficking is committed when a person "knowingly brings into this State or has actual possession of, or delivers" marijuana. It did explain the distinction between actual and constructive possession substantially as defendant had requested. The only exception defendant took was that the court did not point out that there is a difference, if only one of degree.

I agree that the instruction on possession, as such, was not erroneous. It should not have been given, however, because defendant was not charged with possession and could not have been convicted of it. But defendant does not, and could not because he requested it, complain of the giving of instructions on possession. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980); *Hill v. State*, 237 Ga. 523, 525 (3) (228 SE2d 898) (1976); *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

Instructing on possession could conceivably have led the jury to believe they had to find actual possession by Bridges, of which there was scant evidence, and so would have helped him. Even if defendant had shown error, he would also have to show harm, in order to win reversal. *Chenault v. State*, 234 Ga. 216, 220 (2) (215 SE2d 223) (1975).

If, on the other hand, the jury ignored the possession instruction because they recognized that the indictment charged only "bringing into," then the charge complained of was superfluous.

DECIDED MAY 23, 1990 —
REHEARING DENIED JUNE 7, 1990 — 

*Rees R. Smith,* for appellant.
*James L. Wiggins, District Attorney,* for appellee.