A90A1654, A90A1655. SMITH v. THE STATE (two cases).
(405 SE2d 107)

POPE, Judge.

In Case No. A90A1654, appellant Danny Smith appeals his conviction for attempted armed robbery; in Case No. A90A1655, Smith appeals his conviction for armed robbery. The two crimes occurred on separate dates and were the subject of separate indictments, but were tried in a single trial.

1. Smith first argues that the manner of consolidation of the two indictments for trial violated Uniform Superior Court Rule 31.3. However, this objection, which was made orally during a pre-trial motion hearing and not before the judge who tried the case, was not transcribed. Therefore, we have nothing to review. *Williams v. State*, 188 Ga. App. 496 (3) (373 SE2d 281) (1988).

2. "[Smith] next argues that the trial court erred in denying his motion for severance, relying upon *Bradford v. State*, 126 Ga. App. 688 (191 SE2d 545) (1972), for the proposition that consolidation of separate indictments is impermissible unless the defendant has consented to such. However, the Supreme Court has . . . held as follows: 'The underlying consideration regarding the issue of a joint trial on two or more indictments is whether undue or great risk of prejudice from a joint disposition of charges would result. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). Where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the discretion of the trial judge. *Coats v. State*, 234 Ga. 659 (217 SE2d 260) (1975).' *Jackson v. State*, 249 Ga. 751, 758 (295 SE2d 53) (1982). This court has also ruled, subsequent to the 1972 *Bradford* decision, that the decision to grant a severance lies within the discretion of the trial court even where the offenses are separately indicted. See *Green v. State*, 159 Ga. App. 28 (283 SE2d 19) (1981); *Schamber v. State*, 152 Ga. App. 196 (262 SE2d 533) (1979)." *Little v. State*, 165 Ga. App. 389, 390-391 (2) (300 SE2d 540) (1983). It is clear that the absolute rule set out in Division 1 of *Bradford v. State*, 126 Ga. App. 688 (191 SE2d 545) (1972) that separate indictments may never be tried together absent the consent of the defendant, is no longer viable. We hereby overrule it.

The question in the present case is whether the trial court abused its discretion in consolidating the two indictments for trial. We think not. The evidence showed the two crimes were part of a single scheme

or plan. The armed robbery occurred on October 24, 1988, at a Majik Market near Smith's residence. Smith entered the store when only the female clerk was present. Feigning a purchase, he told the clerk: "This is a robbery." The clerk testified that Smith had what appeared to her to be a gun concealed under his shirt. When the clerk hit the wrong button and the register made noise, Smith accused her of setting an alarm. She denied this, gave him money, got on the floor as ordered and Smith fled. Two months later, in the same area, Smith entered Nadine's, a bar, when only the female bartender was present. He pretended to be seeking a job. When told there was no opening, but that he could leave his name and number, he pretended to write on a tablet given to him by the bartender. Then he told her he was robbing her. The bartender noticed he had his hand in the pocket of his jacket and something was sticking out. She backed to the register. As she tried to open it, it made a lot of noise. Smith accused her of setting an alarm and fled when he saw her pick up the phone. Each of the two women positively identified Smith as the man who confronted her. In addition, testimony was introduced showing that Smith was seen walking back and forth in front of a hair salon in the same shopping center as Nadine's on the day the attempted armed robbery at Nadine's occurred. Smith loitered outside the hair salon until only the female proprietor was left inside. Because Smith's behavior (walking back and forth and staring inside the salon) made her nervous, she locked the door prior to closing. Smith could see her through the plate glass. When she was alone, he rapped on the glass and asked if she cut black men's hair. She said no and began to turn off the lights to leave. She testified Smith stood where he could see her and indicated to her through gestures that he could see her. She called police to get an escort to her car. The robbery attempt at Nadine's occurred shortly thereafter.

The evidence shows a common plan to rob establishments in which only a lone female was present. Smith acted alone and operated similarly in each case. The separate instances meet the requirements of similar offenses. The trial court did not err in allowing the two indictments to be tried together.

3. Nor did the trial court err in denying Smith's motion for mistrial based upon evidence of a map showing the location of both the Majik Market and Nadine's introduced during the phase of the trial dealing with the armed robbery. The trial court gave curative instructions to the jury that each offense was to be considered separately and judged solely on the evidence relating to that indictment and instructed the prosecution not to refer to the map again. Based upon the reasoning set out in Division 2, supra, and upon the instructions of the trial court to the jury, we find no error.

*Judgments affirmed. Sognier, C. J., McMurray, P. J., Banke,*

*P. J., Birdsong, P. J., and Andrews, J., concur. Carley, Beasley and Cooper, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because Smith was entitled to separate trials on the two independent incidents of October 24, 1988, and December 27, 1988, even if they were similar.

They were not "crimes arising from the same conduct" so as to be governed by OCGA § 16-1-7, concerning which the court has discretion to order separate trials. Nor were they " 'a series of acts connected together or constituting parts of a single scheme or plan.' " *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975). Thus, according to *Dingler*, defendant would have a right to severance if the charges had joined in the same indictment. His right to object to consolidation, when the charges are in separate indictments, can be no less. *Dingler* involved separate crimes of the same general nature or species but different times, places, and persons, as here.

*Bradford v. State*, 126 Ga. App. 688 (1) (191 SE2d 545) (1972), addressing consolidation, as here, and not severance, is accurate law. In *Loftin v. State*, 230 Ga. 92, 93 (195 SE2d 402) (1973), the Court "recognize[d] the rule that a defendant cannot be tried simultaneously under two or more indictments for unrelated offenses without his consent, as stated in *Bradford v. State*, 126 Ga. App. 688 (191 SE2d 545) and as recognized by this court in numerous cases, . . ." As said there, this applies in jury cases, which this case is.

*Jackson v. State*, 249 Ga. 751, 757-758 (6) (295 SE2d 53) (1982), applied the rule of discretion to a case wherein the four crimes "were part of a continuous series of actions and conduct." The Court reiterated that it is in such cases, "[w]here the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, [that] severance lies within the discretion of the trial judge." That is not the situation here. Our recent case of *Bridges v. State*, 195 Ga. App. 851, 852 (2) (395 SE2d 30) (1990), distinguishes *Bradford*, because the charges in the two indictments against Bridges arose out of the same identical conduct and thus were governed by the prescription of OCGA § 16-1-7, which mandated consolidation absent a discretionary severance. Again, that is not the case here, and the decision in this case must follow that in *Bradford*. Continuing sales of the same type of contraband, which was the subject of the single trial in *Little v. State*, 165 Ga. App. 389, 390 (2) (300 SE2d 540) (1983), were properly denied severance because they "constitute[d] parts of a single scheme or plan." Id. at 391. An armed robbery of one person at one store, and an attempt to commit an armed robbery against another person three months later at another location, do not comprise a single scheme or plan. Two robber-

ies by snatching, two days apart, were regarded as separate and distinct offenses which could be tried together, with defendant's consent, in *Snell v. State*, 158 Ga. App. 860 (282 SE2d 408) (1981). Snell, however, waived the right. Although defendant could consent to have them tried together, as occurred in *State v. Shuman*, 161 Ga. App. 304 (287 SE2d 757) (1982), and by waiver in *Snell*, he did not do so and instead objected. For this reason, he is entitled to a new trial.

I am authorized to state that Judge Carley and Judge Cooper join in this dissent.

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 29, 1991 — 

*Caleb B. Banks*, for appellant.
*Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney*, for appellee.