### A92A0958. DRYER v. THE STATE.
(423 SE2d 297)

ANDREWS, Judge.

Amos Dryer was convicted by a jury of first degree arson (OCGA § 16-7-60), based on an indictment charging that Dryer did "know-

ingly damage by means of fire the building of another, to wit: Roy Culliver, located at 1615 3rd Avenue, without his consent. . . ."

1. Dryer claims the evidence was insufficient to sustain his conviction. The State presented direct and circumstantial evidence of guilt. One witness testified that Dryer told her he set the fire. Testimony from other witnesses showed that shortly before the fire began, Dryer purchased a gallon of gasoline from a nearby convenience store, and walked in the direction of the subject building carrying the gasoline in a metal can. When the fire was discovered, a metal can like the one Dryer carried was ablaze at the scene. The fire inspector testified that the fire and resulting damage were caused when gasoline was poured in the burned area and ignited. See *Parker v. State*, 145 Ga. App. 205, 207 (243 SE2d 580) (1978). Other testimony related to establishing motive for setting the fire showed that Dryer had prior difficulties with the occupiers of the building. See *Sleeth v. State*, 197 Ga. App. 349-350 (398 SE2d 298) (1990).

"Arson has three basic elements: (1) damage by fire or explosion; (2) the intentional act or direction of the defendant knowing that it will damage a protected structure; (3) lack of the owner's consent." Kurtz, Criminal Offenses & Defenses in Ga. (3d ed.), Arson, p. 7; see *Frost v. State*, 200 Ga. App. 267, 270 (407 SE2d 765) (1991). In particular, Dryer claims there was an absence of evidence proving lack of consent by Mr. Culliver, as alleged in the indictment. As Mr. Culliver did not testify, the State relied in part on a stipulation between the prosecution and the defense that Mr. Culliver owned the building and did not consent to the fire. It is clear from the record that defense counsel orally acknowledged the existence of such a stipulation in open court in the presence of the defendant. Dryer does not claim that the facts contained in the stipulation are untrue, nor does he claim that he did not authorize it.[1] Rather, he complains that the stipulation was not reduced to writing and admitted into evidence.

Generally, a statement by defense counsel made in the presence of the defendant relating to the defendant's conduct is considered a statement by the defendant himself if the defendant does not repudiate counsel's authority to make the statement. *Tolbert v. State*, 12 Ga. App. 685, 686 (78 SE 131) (1913); *White v. State*, 153 Ga. App. 808, 809 (266 SE2d 528) (1980). "The general rule as to stipulations is that once made in the course of judicial proceedings an estoppel results unless the complaining party can show fraud or mistake." Id. at

---

[1] "Admissions by agents or attorneys are not admisible in criminal cases in the sense in which they are admissible in civil cases. They should not be treated as evidence against the accused unless shown to have been authorized by him." (Punctuation and citations omitted.) *In re Glenn*, 200 Ga. App. 276, 277 (407 SE2d 428) (1991) (physical precedent); *134 Baker Street v. State*, 172 Ga. App. 738, 741 (324 SE2d 575) (1984).

809. Such an express stipulation should generally be made in writing or in open court. See *Dein v. Mossman*, 244 Ga. 866, 870 (262 SE2d 83) (1979).

Under the present circumstances, we find Dryer acquiesced in an oral stipulation of facts made in open court upon which the case was agreed to be tried for the express purpose of dispensing with proof of the agreed facts, and which amounted to a conclusively binding admission in judicio as to such facts. *Tribble v. State*, 89 Ga. App. 593, 598 (80 SE2d 711) (1954); *Young v. State*, 191 Ga. App. 651, 653-654 (382 SE2d 642) (1989); *Snell v. State*, 158 Ga. App. 860, 861 (282 SE2d 408) (1981); *School Boy Sportwear Corp. v. Cornelia Garment Co.*, 106 Ga. App. 99, 101-102 (126 SE2d 248) (1962). The evidence was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration, Dryer contends the trial court erred by instructing the jury that counsel had stipulated that the owner did not consent to the fire. In light of our conclusion in Division 1, the trial court properly instructed the jury as to the facts agreed to by the prosecution and the defense.

3. We find no merit in Dryer's claim that he was prejudiced by alleged ineffective assistance of counsel at trial. The defendant has the burden of proving ineffectiveness by showing, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The first inquiry centers on whether counsel's performance was reasonable under the circumstances in light of the strong presumption that all significant decisions were made in the exercise of reasonable professional judgment. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). Secondly, even if the presumption is overcome, the defendant must prove "that there is a reasonable probability . . . that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cit.]" Id. at 783.

The trial court conducted a hearing to consider the claims of ineffectiveness raised below in the defendant's motion for a new trial. Counsel was not ineffective in failing to object to the jury instruction on the stipulation, nor under the above standard does the record support the defendant's claim that defense counsel was' unprepared or presented an inadequate defense.

4. The defendant claims his 20-year maximum sentence imposed pursuant to the recidivist statute was excessive because no portion of it was probated despite the trial court's discretion to do so. See OCGA §§ 16-7-60; 17-10-7. The sentence was within the statutory limits, and will not be reviewed by this Court. *Branch v. State*, 182

Ga. App. 818, 820 (357 SE2d 136) (1987).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

With respect to Division 4, it is necessary to construe subsection (c) as it relates to guilty pleas. Defendant was indicted under OCGA § 17-10-7 (a), which alleges *two* prior "convictions" within the meaning of OCGA § 17-10-7 (c). The judge apparently thought he was sentencing under OCGA § 17-10-7 (b). He may have considered the armed robbery as a separate "conviction," but it, too, was sentenced at the same time as the other guilty pleas on June 24, 1977. The seven guilty pleas on June 24 are to be regarded as one "conviction" due to OCGA § 17-10-7 (c), so defendant was subject to subsection (a) and not subsection (b).

Although the court indicated some uncertainty as to whether or not he had discretion, he clearly ruled that, assuming he did, he chose to impose the maximum sentence.

DECIDED OCTOBER 2, 1992.

*William J. Mason*, for appellant.

*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Jerry G. Croley, Jr., Assistant District Attorneys*, for appellee.