A08A2322. CARTER v. THE STATE.
(675 SE2d 320)

ADAMS, Judge.

Paul D. Carter was convicted by a jury of criminal attempt to manufacture methamphetamine, conspiracy to manufacture meth-

amphetamine, possession of methamphetamine and obstructing an officer.[1] He appeals following the denial of his motion for new trial. In his sole enumeration of error, Carter contends the trial court erred by refusing to admit certain evidence at trial.

As to this issue, the record and transcript show the following: On May 8, 2003, two Paulding County sheriff's deputies attempted to serve a probation violation warrant on Carter. The deputies had received notification from Carter's probation officer that Carter could be found at the home of Michelle Alonso. When the deputies arrived at the home, the door was open; they repeatedly announced themselves but did not get a response from anyone inside the house. The deputies stepped into the house and again announced their presence, again with no response. The deputies then proceeded inside the house where they found a juvenile female. The deputies conducted a search of the house to see if Carter was there. During the search, the deputies discovered an apparent methamphetamine lab inside the home.

Carter, Alonso and another individual, subsequently identified as Ricky Wade, arrived at the house a short time later and fled in their vehicle upon sight of the deputies' patrol car. The deputies gave chase, but Carter and Wade abandoned the vehicle at the end of a cul-de-sac and fled into some nearby woods. Alonso stayed with the vehicle and was apprehended at the scene. Carter and Wade were arrested a short time later when they emerged from the woods and hitchhiked a ride from two narcotics agents in an undercover police vehicle.[2]

Carter, Alonso and Wade were subsequently indicted on various charges, including violations of the Georgia Controlled Substances Act. Alonso and Wade entered guilty pleas, but Carter proceeded to trial on the charges against him. At his jury trial, Carter's defense counsel presented the prosecutor with several documents and indicated he might confront Alonso with these documents when he cross-examined her. One of these documents was a motion to suppress that Alonso's attorney filed in her case prior to the entry of Alonso's guilty plea. The motion contained a statement that Carter did not "reside" with her at the time of the arrests.[3] Anticipating contradictory testimony at trial, Carter's defense counsel argued that this statement was admissible to impeach the witness. Prior to

---

[1] The trial court merged the manufacturing and conspiracy charges for sentencing.

[2] The narcotics agents were responding to Alonso's house to assist in the processing of the methamphetamine lab when Carter and Wade flagged them down.

[3] The motion to suppress was not made part of the trial transcript but it is contained in the record. In any event, the substance of the statement at issue here is clear from the transcript.

Alonso testifying, the trial court made an initial ruling that the statement, contained in a motion and not signed by the witness, was not an admission of the witness and thus he was not inclined to admit it "without more."

Alonso subsequently testified at trial that Carter "was staying" with her at the time of the arrests. During cross-examination, Carter's defense counsel briefly questioned the witness about the motion, establishing that she did not testify at the motion to suppress hearing but that she did furnish her attorney with information to be included in the motion. She also testified that her attorney "reviewed" the motion with her before it was filed and that the information contained in the motion was true "to the best of [her] knowledge." Defense counsel then attempted to tender the motion into evidence, at which time the prosecutor objected. Following an off-the-record colloquy with the trial court, defense counsel resumed questioning the witness about other matters without introducing the motion.[4]

Carter argues on appeal that "factual averments in [the] pleading constituted a solemn admission in judicio vis-a-vis the State and remained at least a prior inconsistent statement with regard to [him]."[5]

As to this issue,

> [o]ur Supreme Court has held that, under its ruling in *Lamar v. Pearre*, 90 Ga. 377 (17 SE 92) (1892), "statements contained in a petition, plea or answer filed in a civil case, and signed by counsel, though not verified or signed by the person apparently represented by such counsel, would be admissible against him in the trial of another civil case to which such person was a party. That ruling, however, is not applicable to criminal cases. Admissions by agents or attorneys are not admissible in criminal cases in the sense in which they are admissible in civil cases. (Cits.) They should not be treated as evidence against the accused unless shown to have been authorized by him." *Farmer v. State*, 100 Ga. 41, 45-46 (28 SE 26) (1896).

*134 Baker Street, Inc. v. State*, 172 Ga. App. 738, 741 (5) (324 SE2d 575) (1984).

Although this case is distinguishable from the circumstances

---

[4] The trial judge acknowledged during the hearing on Carter's motion for new trial that he ruled the motion was inadmissible during the unrecorded bench conference.

[5] The State did not file an appellate brief in this case.

addressed in *134 Baker* since the document at issue was not a pleading but a motion[6] and since the person against whom the motion was sought to be introduced was a witness for the State and not the accused, we think the reasoning is nevertheless applicable here, and the pertinent inquiry is whether the statement in the document sought to be used against the witness has been shown to be authorized by the witness. In this case, the motion was prepared and signed by Alonso's attorney; the motion was not signed by Alonso, and there was no affidavit or verification attached to the motion. Alonso did not testify at the motion to suppress hearing. And although she testified at Carter's trial that her attorney "reviewed" the motion with her prior to filing, it is not clear whether this meant Alonso read the entire motion or the attorney just went over some or parts of it with her. Moreover, although she was asked generally whether the statements in the motion were true, and she responded "to the best of [her] knowledge" she was not specifically asked about any particular statement contained in the motion such that it can be said that she authorized the specific statement in question. Under these circumstances, and applying the appropriate standard of review,[7] we find the trial court did not abuse its discretion by refusing to allow the statement in the motion to suppress to be admitted at trial. Cf. *Snell v. State*, 158 Ga. App. 860, 861 (2) (282 SE2d 408) (1981) (stipulation between prosecutor and defense counsel as to certain facts which was made in defendant's presence held to be binding on defendant at trial); *Beckworth v. State*, 183 Ga. 871, 873 (4) (190 SE 184) (1937) (letter written by the witness admissible to impeach her contradictory testimony at trial).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MARCH 12, 2009.

*Allen M. Trapp, Jr.*, for appellant.

*Fred A. Lane, Jr., District Attorney, Ferdinand M. Viscuse, Assistant District Attorney*, for appellee.

---

[6] Although we do not base our analysis or holding on this distinction, we do note that there is a distinction between a "pleading" and a "motion." *Bosworth v. Cooney*, 156 Ga. App. 274, 277 (2) (274 SE2d 604) (1980).

[7] "We review a trial court's ruling on the admission of evidence under an abuse of discretion standard." *Ford v. State*, 274 Ga. App. 695, 697 (1) (617 SE2d 262) (2005).