## 42775. McDONALD v. HESTER et al.

JORDAN, Presiding Judge. The petitioners in the lower court, husband and wife, sought to adopt a minor child. Their petition includes a final divorce decree dissolving a former marriage of the wife, incorporating therein as a part of the decree a support agreement, signed by the wife and her former husband, which declares that the minor child is the offspring of the wife and her present husband, and relieves the former husband of any support obligation. The former husband filed his objections to the adoption, alleging that he was the father of the child. By amendment he alleged that the child was conceived while he was lawfully married to and living with his former wife, that he was induced to sign the support agreement by the wilful and fraudulent representation of his former wife, and that so much of the decree as declared he was not the father of the child was void. He testified that he signed the agreement incorporated in the divorce decree because his former wife represented that it was not his child. His testimony further discloses circumstances indicating he could have been the father of the child, but there is

nothing to disclose any wilful misrepresentation to him by the mother as to the paternity of the child as an inducement in negotiating the agreement. In his final order the trial judge sustained a plea of estoppel by judgment to the objection, and decreed the final adoption of the child by the petitioners. The objector appeals from this final order. *Held:* The presumption of legitimacy of a child born in wedlock may be rebutted. *Code* § 74-101. Such an issue is appropriate in a divorce proceeding. *Code Ann.* §§ 30-101, 30-116, 30-127. A judgment of a court of competent jurisdiction is conclusive between the same parties as to all matters put in issue, until reversed or set aside. *Code* § 110-501. An estoppel, as a conclusive presumption of law, although not generally favored, arises from a solemn admission made in judicio. *Code* § 38-114. Parties to stipulations and agreements entered into in the course of judicial proceedings are estopped from taking positions inconsistent therewith, and no litigant will be heard to complain unless it be made plainly to appear that the consent of the complaining party was obtained by fraud or mistake. *Grayson v. Grayson,* 217 Ga. 133, 135 (121 SE2d 34). See *Bennett v. Bennett,* 210 Ga. 721 (82 SE2d 653). The adoption laws of this State do not preclude adoption of a child by its natural parents. *Code Ann.* § 74-402. The consent to adoption by one who has lost his parental rights by order of a court of competent jurisdiction is not required. *Code Ann.* § 74-403 (2). See Ga. L. 1967, pp. 107, 108. If the child be illegitimate the consent of the mother shall suffice. *Code Ann.* § 74-403. One who objects to the proceeding must establish a blood relationship to the child. *Code Ann.* § 74-412. Considering the foregoing principles of law in the light of the pleadings and evidence presented to the trial court, no valid legal basis appears which would relieve the objector of the provisions of the agreement incorporated in the divorce decree declaring that he is not the father of the child involved in the present adoption proceedings, and the trial judge did not err in sustaining the plea of estoppel by judgment and in decreeing the final adoption of the child by the petitioners. There is no merit in any of the enumerated errors.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

Argued May 4, 1967—Decided May 18, 1967.

*Ray, Owens, Keil & Hirsch, Milton Hirsch,* for appellant.
*Young & Dicus, J. Gordon Young,* for appellees.