## 59133. WHITE v. THE STATE.

DEEN, Chief Judge.

This is an appeal from a judgment revoking the defendant's probation because of his failure to obey the rules of the Diversion Center where he was housed. He had been placed in the center after a probation involving living at home and making restitution payments had

proved unsatisfactory. The hearing was interrupted in April, 1979, by a plea of mental incompetence, in the three months following which he was examined at Central State Hospital, found to be suffering a schizophrenic illness then in remission, placed on a drug regimen, and held capable of standing trial. An informal hearing was held by the trial judge primarily to determine whether the defendant should be returned to his mother's custody, returned to the Diversion Center, or his probation revoked, and he decided on the latter alternative, based in part on the statement of an employee that "we feel we went as far as we could; we have provided him with mental health treatment and we have tried to work with him and when he started the destruction of our Center we felt that it was time for him to face the reality of life and go to prison." The destruction referred to was the subject of an oral stipulation between the parties to the effect that he had violated certain rules of the center where he was housed, including refusal to accept employment, breaking open the lock of a security door and general antisocial behavior. The facts of the defendant's conduct in the center and his prior conduct while on probation and housed with his mother are not controverted but error is assigned on the refusal of the trial court to allow him to withdraw the stipulation to the effect that the acts charged against him in the Diversion Center had been committed.

Assuming the statements made concerning the defendant's conduct to be true, it is obvious that this unfortunate prisoner was not ready for the comparative freedom of either full parole or the restrictions of the "half way house." From a legal point of view, no error was committed by refusing the withdrawal of the stipulation regarding his conduct. A statement by an attorney relating to the conduct of the client is to be considered as a statement by the client himself. *Tolbert v. State,* 12 Ga. App. 685 (9) (78 SE 131) (1913). The general rule as to stipulations is that once made in the course of judicial proceedings an estoppel results unless the complaining party can show fraud or mistake. *McDonald v. Hester,* 115 Ga. App. 740 (155 SE2d 720) (1967). There was no contention in the trial court or in this court that the facts

stipulated to were untrue, but only that the defendant's mental state at the time of the final hearing was different from what it had been six weeks to three months before. The situation is clearly different from that surrounding the withdrawal of a guilty plea. Cf. *Smith v. State,* 231 Ga. 23, 24 (200 SE2d 119) (1973); *Harrell v. State,* 145 Ga. App. 93 (243 SE2d 611) (1978). Only slight evidence is necessary to authorize the revocation of probation. *Harper v. State,* 146 Ga. App. 337 (246 SE2d 391) (1978). The quantum of evidence is largely discretionary with the judge. *Rainwater v. State,* 127 Ga. App. 406 (193 SE2d 889) (1972). We find no error of law here in holding the parties to their stipulation of acts the defendant performed since the colloquy between court and counsel makes it abundantly clear that it is not the acts which are in question but the future mental state of the defendant as affecting the disposition of his case.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED FEBRUARY 22, 1980 — REHEARING DENIED MARCH 11, 1980.

*John W. Hogg,* for appellant.

*William S. Lee, District Attorney, William R. Wilburn, Assistant District Attorney,* for appellee.