A91A0174. IN RE GLENN.
(407 SE2d 428)

CARLEY, Judge.

Appellant-attorney was retained to represent James Geiger at a criminal trial. The trial was scheduled to be called immediately upon the completion of another criminal case wherein appellant was defense counsel. During the trial of this other criminal case, appellant was approached by counsel for the State and asked if he would enter into a stipulation with regard to the Geiger case. Appellant agreed and a written stipulation was filed. A few hours later, however, appellant filed a written withdrawal of the stipulation and informed counsel for the State. When the trial of the Geiger case was called a short time thereafter, the State moved that the trial proceed in accordance with appellant's stipulation or that a continuance be granted on the ground that several of its witnesses had been released in reliance upon appellant's stipulation. Rather than merely ruling on the State's motion, the trial court found appellant to be in contempt and gave him the option of purging his contempt by paying a fine or by serving 20 days in jail or by agreeing to proceed to trial in accordance with

the original stipulation. Appellant appeals from this adjudication of his contempt.

There is some question whether the pretrial stipulation had ever become valid and enforceable prior to its withdrawal, it having been secured outside the presence of Geiger and Geiger apparently not having otherwise ratified it. "Admissions by agents or attorneys are not admissible in criminal cases in the sense in which they are admissible in civil cases. [Cits.] They should not be treated as evidence against the accused unless shown to have been authorized by him." *Farmer v. State*, 100 Ga. 41, 45-46 (28 SE 26) (1896). A defendant in a criminal case can "be convicted on a stipulation of facts agreed to and executed by him. . . ." *Tribble v. State*, 89 Ga. App. 593, 598 (3) (80 SE2d 711) (1954). See also *Young v. State*, 191 Ga. App. 651, 653 (3) (382 SE2d 642) (1989). If the stipulation had not even become enforceable, then appellant's withdrawal of it obviously could not constitute an act of contempt. See *Hardman v. State*, 143 Ga. App. 689 (239 SE2d 699) (1977).

However, even if the stipulation had otherwise become valid and enforceable, the trial court nevertheless erred in finding appellant in contempt. "The general rule as to stipulations is that once made in the course of judicial proceedings an estoppel results *unless* the complaining party can show fraud or mistake. [Cit.]" (Emphasis supplied.) *White v. State*, 153 Ga. App. 808, 809 (266 SE2d 528) (1980). Thus, if the stipulation was otherwise valid and enforceable, appellant would nevertheless be authorized to withdraw it if he could show fraud or mistake and it was not contemptuous for him to have sought to do so. "An attorney may not be held in contempt of court merely for presenting in good faith a motion which he has a right to make, nor may an attorney be held in contempt merely because, having filed such a motion, he fails to prevail on it. [Cit.]" *In re McLarty*, 152 Ga. App. 399, 400 (2) (263 SE2d 194) (1979). Accordingly, if the trial was delayed, it was not because of appellant. Any delay was the result of the trial court's failure to determine whether appellant had any viable ground for withdrawing the stipulation and, if not, to order that the trial would proceed pursuant to the stipulation.

*Judgment reversed. Banke, P. J., and Beasley, J., concur in the judgment only.*

DECIDED JUNE 18, 1991 —
RECONSIDERATION DENIED JULY 2, 1991.

*Kendall, Dixon & Turk, Kenneth A. Glenn*, pro se.
*Sexton, Moody & Renehan, Lee Sexton*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom III*,

*Assistant District Attorney*, for appellee.