A94A2438. PARRISH v. THE STATE.
(456 SE2d 283)

BIRDSONG, Presiding Judge.

James W. Parrish III appeals his conviction for driving under the influence and driving with unlawful blood alcohol concentration. *Held:*

1. The implied consent warning given to appellant is found to have been inaccurate according to the decision of this court in *State v. Causey*, 215 Ga. App. 85 (449 SE2d 639) (cert. denied), and the State's blood alcohol test, as ruled in *Causey*, was inadmissible. The conviction for driving with unlawful blood alcohol concentration

under OCGA § 40-6-391 is reversed.

2. The conviction for driving while "under the influence of alcohol to the extent that it is less safe for the [defendant] to drive" in violation of OCGA § 40-6-391 (a) (1) was not dependent on, and in high probability was not affected by, the admission of the state-administered blood alcohol test. The arresting officer testified that as the result of a radio dispatch, he was alerted to a vehicle which was about a block ahead of him on the highway and which matched the description given right down to the tag number, that he followed this vehicle and observed it cross the centerline twice, that after he stopped the vehicle and approached the driver's window he smelled an extremely strong odor of an alcoholic beverage coming from the vehicle, and that he administered field sobriety tests to the driver (appellant). Appellant was unable to complete the test successfully: he said he knew his alphabet but after reciting to the letter G, he then recited the letters R, H, I and then K, in that sequence; on the walk-and-turn, appellant stepped off the line and did not return to the instructional position, did not perform the turn and in the officer's opinion he failed this test; he could not successfully do the index-to-nose test; and an alco-sensor field test (breath test) checked positive for alcohol. The officer concluded at that point that appellant was under the influence of alcohol. The jury could conclude from this evidence that appellant was driving "under the influence of alcohol to the extent that it is less safe for the person to drive" (OCGA § 40-6-391 (a) (1)) and the evidence of record is amply sufficient to support this conviction under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The evidence, including the officer's observation of appellant's actual driving, was overwhelming such that the erroneously admitted evidence of the state-administered alcohol test probably did not affect the verdict on this count. *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515); *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133).

3. Appellant contends he was entitled to the requested charge that "the court's allowance [of the state-administered test results] is not an expression of an opinion that the court views the test results as conclusive. . . . No procedure is infallible. The burden remains on the State to prove beyond a reasonable doubt that Mr. Parrish had an unlawful alcohol concentration while operating a moving vehicle."

Appellant's expert testified that based on the amount of alcohol appellant testified he had consumed, his blood alcohol concentration should have been .055 percent. Appellant contends his expert's calculations would have raised a reasonable doubt as to the accuracy of the state-administered test. Appellant cites *Lattarulo v. State,* 261 Ga. 124 (401 SE2d 516), which involved a claim that the DUI statute constitutes a burden-shifting presumption of guilt. That case is inappo-

site. No presumption exists, and none was implied, that the admission of evidence of any party is an expression of opinion that the court views that evidence as conclusive. The charge requested was unwarranted and unnecessary and may even have prejudiced the State. The jury charge was correct as to the State's burden of proof, and it advised the jury that it was the sole judge of the credibility of witnesses. The jury could not have failed to understand that it could accept the testimony of appellant's expert and reject the State's evidence. See *Bass v. State*, 208 Ga. App. 859 (4) (432 SE2d 602). The trial court did not err in refusing to give the charge requested.

*Judgment affirmed in part and reversed in part. Blackburn and Ruffin, JJ., concur.*

DECIDED MARCH 23, 1995.

*H. Samuel Atkins, Jr.*, for appellant.

*Kenneth W. Mauldin, Solicitor, Ralph W. Powell, Jr., Ethelyn N. Simpson*, for appellee.