## S97G1300. RICHARDS v. THE STATE.
(500 SE2d 581)

Sears, Justice.

This Court granted certiorari to consider the Court of Appeals's ruling that, although the trial court erred in denying the motion in limine filed by the appellant, Brian Richards, to suppress the results of his breath tests, the error was harmless because Richards stipulated to his guilt under OCGA § 40-6-391 (a) (4).[1] For the reasons that follow, we conclude that the Court of Appeals erred in reaching this conclusion, and that we must reverse Richards's conviction.

Richards was tried and convicted under OCGA § 40-6-391 (a) (4) (now OCGA § 40-6-391 (a) (5)) of having a blood-alcohol level of .10 or greater within three hours of driving. Before trial, Richards filed a motion in limine seeking to suppress the results of his chemical breath tests. Richards contended the results should be excluded because (1) the arresting officer stopped him without reasonable suspicion of criminal activity, (2) the officer did not give Richards the proper implied consent warnings required by OCGA § 40-5-67.1 (b), and (3) the Intoxilyzer 5000 machine had not been properly approved under the Administrative Procedures Act. At a March 26, 1996, hearing, the trial court ruled that the initial stop did not violate Richards's Fourth Amendment rights and that the officer had given proper implied consent warnings.

On April 2, 1996, the trial court held a hearing on the APA issue. At the end of defense counsel's arguments on that issue, defense counsel stated that, "additionally, I would like to raise and preserve the issues we have discussed last week; the probable cause for the arrest, and the Implied Consent Warning issue. I would like to preserve those with a continuing objection." The court stated, "All right, sir." The court ruled against Richards on the APA issue, and defense counsel stated that he also would like a ruling on each of the issues raised by the motion in limine. The court stated, among other things,

[1] See *Richards v. State,* 225 Ga. App. 777 (484 SE2d 683) (1997).

that it was denying the APA challenge, as well as the challenge on the implied consent warnings. The trial court subsequently inquired of the prosecutor and defense counsel whether "we [can] reserve by stipulation?" Defense counsel then stated that "to save the court time and to move this case to disposition, we are willing to stipulate to the facts that the State needs to support a conviction under (a) (4). Now, I have made several pre-trial motions . . . and I asked earlier that those be preserved. But as far as that goes, with those reservations in place, we are stipulating to all facts . . . for [an] . . . (a) (4) conviction." The solicitor, Franklin Davidson, then stated that the stipulated facts were that Richards was "in actual physical control of a moving vehicle while under the influence of alcohol; and had a blood-alcohol level exceeding .10; that blood alcohol level being .207, in violation of OCGA § 40-6-391 (a) (4)." The court then asked defense counsel if he concurred with those facts. Defense counsel stated, "Yes. Your honor, there are — and as I have stated we have, we challenge the probable cause. The court denied that motion and the other motions were also denied. . . . Therefore, we are willing to stipulate to the prima-facie case with those reservations." The trial court then stated "All right, sir," and explained that its understanding of the stipulation of fact was that Richards was driving an automobile when he "had a blood-alcohol content of [.207], in violation of OCGA § 40-6-391, subsection (a) (4)." The court then asked defense counsel if the court had stated the stipulation correctly. Defense counsel answered that "the stipulation is to the prima-facie case under (a) (4). It is alcohol concentration of .10 grams or more within three hours of . . . operating a motor vehicle." The court subsequently stated that it found Richards guilty of violating OCGA § 40-6-391 (a) (4).

On appeal, the Court of Appeals ruled that the arresting officer failed to read Richards the appropriate implied consent warnings required by OCGA § 40-5-67.1 (b), and that the trial court thus erred in denying Richards's motion in limine.[2] The court, however, ruled that the error in denying the motion was harmless because, according to it, Richards "stipulated during his bench trial that he drove while having a blood alcohol level of .207 in violation of OCGA § 40-6-391 (a) (4)."[3]

In explaining its holding, the court stated that

Richards's counsel stipulated to far more than facts; he stipulated the ultimate issue to be decided. He could have stipulated, for example, that Richards was driving an automobile on the streets of Atlanta and that the breath test results, if

[2] *Richards*, 225 Ga. App. at 779-780.
[3] *Richards*, 225 Ga. App. at 780.

admissible, would have shown his blood alcohol level to be .207, while preserving the issue of admissibility for appeal. Instead, he twice agreed on the record that Richards was driving with a blood alcohol level exceeding .10, in violation of former OCGA § 40-6-391 (a) (4). Even without considering the breath test results, sufficient evidence was presented to convict Richards; he expressly stipulated to his guilt.[4]

For the reasons that follow, we disagree with this holding. Reading the record as a whole, we conclude that Richards did not make a solemn evidentiary stipulation, independent of the stipulation of facts, that he was guilty of the crime charged. Rather, the record demonstrates that Richards stipulated to the facts that would be demonstrated by the results of the breath tests (that he was driving with a blood alcohol content of .207), and that he acknowledged, realistically, that these stipulated facts would support a conviction under § 40-6-391 (a) (4).[5] Moreover, it is clear that the parties intended that the stipulation of facts, and thus the "acknowledgment," were conditioned upon Richards's right to challenge the admissibility of the results of the breath tests on appeal. Thus, if Richards prevailed on his contention that the test results were inadmissible, the stipulation regarding Richards's blood alcohol level of .207 would have to fall, and could not be used against him on appeal. Further, because the "acknowledgment" that the stipulated facts supported a conviction under § 40-6-391 (a) (4) was itself dependent upon the stipulation that Richards had a blood alcohol level of .207, the "acknowledgment" likewise would have to fall. In sum, contrary to the Court of Appeals's conclusion, the record does not support a finding that Richards made a solemn admission of guilt independent of the stipulation of facts and of the reservation of his right to attack the pre-trial rulings on appeal.

Moreover, the Court of Appeals's holding defeats the clear intent of the parties and the trial court. The trial court, at one point, characterized the agreement as a reservation by stipulation, and Richards conveyed the unequivocal message that the stipulation was conditioned upon the reservation. To conclude, as did the Court of Appeals that the "stipulation of guilt" rendered any error harmless completely precludes Richards's chance of obtaining relief on appeal, and thus defeats the intent of the parties in preserving Richards's right to

---

[4] *Richards,* 225 Ga. App. at 780-781.

[5] It appears that the State and a defendant will rarely agree to a bench trial pursuant to stipulated facts when there is a legitimate question as to the defendant's guilt. In all likelihood, such agreements will occur when a defendant's "factual guilt is a foregone conclusion," LaFave and Israel, Criminal Procedure, Vol. 2, § 20.6 (c), n. 52 (1984), and the defendant's only hope is to prevail on a pre-trial motion.

raise the pre-trial issues on appeal.

For the foregoing reasons, the Court of Appeals erred in considering a "stipulation of guilt" in determining the harm of the trial court's error in ruling that the test results were admissible. Rather, the proper harmful error analysis in this case is as follows: Because the case was decided by stipulation; because the stipulation that Richards had a blood alcohol level of .207 was predicated upon the trial court's error in ruling that the tests results were admissible; and because the error was non-constitutional, it must be determined whether it is highly probable that the trial court's consideration of the stipulation that Richards had a blood alcohol level of .207 contributed to the conviction. Here, there was no other fact that supported Richards's conviction of driving with an illegal blood alcohol level. Moreover, it generally has been held that the erroneous admission of evidence of a defendant's blood alcohol level in a case involving a conviction for driving with a prohibited alcohol level is harmful error.[6] For these reasons, we conclude that the error was harmful in this case, and we reverse Richards's conviction.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 26, 1998.

*Monte K. Davis,* for appellant.
*June D. Greene, Solicitor, James M. Miller, Assistant Solicitor,* for appellee.

---

[6] See *Hamilton v. State*, 228 Ga. App. 285 (4) (491 SE2d 485) (1997); *Parrish v. State*, 216 Ga. App. 832 (1) (456 SE2d 283) (1995).