## A98A1623. BELL et al. v. STATE OF GEORGIA.
### (507 SE2d 535)

ELDRIDGE, Judge.

This is an appeal from the order striking the answer as insufficient and entering forfeiture on default under OCGA § 16-13-49 (o) (3) against Otis C. Bell and Irene W. Bell as to improved real estate located north of Smokey Road in the northeast corner of Land Lot 3 in the Third District of Coweta County, Georgia.

The complaint, filed March 19, 1997, recites in paragraph 1 that Book 223, Page 344, of the records of the Superior Court Clerk for Coweta County, sets forth the legal description of the real estate sought to be forfeited. The deed clearly sets forth the record ownership of the land. However, notwithstanding such evidence of ownership of record, the complaint alleges in paragraph 10 that "[t]he names and addresses of the purported owners and/or interested holders of the real and personal property sought to be forfeited are: Otis C. Bell, 2011 Smokey Road, Newnan, GA. 30263 [and] Irene Bell, 2011 Smokey Road, Newnan, GA. 30263." The complaint, in paragraph 6, incorporated by reference attached Exhibit A, which is a stipulated settlement agreement in 1992 as to the same property between the parties. Exhibit A is a consent judgment dated June 22, 1993, which approved the settlement between the State of Georgia and Otis C. Bell and Irene Bell as to the prior forfeiture action against the same property, evidencing their ownership or claim of right.[1]

The answer of Irene W. Bell and Otis C. Bell was filed April 18, 1997. In the answer, they respond that "[t]he allegations of paragraph 10 of the Complaint are admitted; however, defendant in rem, and the owner thereof deny that there is any personal property in issue in this action." They respond that "[t]he allegations of paragraph 1 of the Complaint are admitted." They further respond that "[t]he allegations of paragraph 6 of the Complaint are admitted." Thus, in the Bells' answer, they admit that they are the record title holders to the land as set forth in the complaint, and that as the record title holders, they previously entered into a prior forfeiture settlement over this land with the State, which was approved by consent judgment of the court.

The district attorney, in his motion for judgment of forfeiture and disposition of property, contended that the Bells failed to comply

---

[1] Had this been a judgment on the merits in a contested adjudication, rather than a consent judgment memorializing a settlement agreement, it would have been res judicata as to the issue of ownership since ownership was a contested issue. See *Cantrell v. Home Security Life Ins. Co.*, 165 Ga. App. 670, 671 (1) (302 SE2d 415) (1983); *Blakely v. Couch*, 129 Ga. App. 625 (200 SE2d 493) (1973).

with OCGA § 16-13-49 (o) (3) (C), (D), (E), and (F).

On December 18, 1997, the trial court entered an order "[t]hat Otis C. Bell and Irene Bell have failed to file a timely and sufficient answer pursuant to OCGA § 16-13-49 (o) (3)." *Held*:

The Bells enumerate as error that the trial court's order striking their answer, asserting that "[t]he [a]nswer of the Defendants, as supplemented by amendment, satisf[ies] the specific pleading requirements of OCGA § 16-13-49." We agree.

The district attorney for the Coweta Circuit litigated a prior civil forfeiture with the Bells which involved the same issues under OCGA § 16-13-49 (o) (3) (C), (D), (E), and (F). The parties entered into a consent judgment to resolve the prior litigation. Between the district attorney and the Bells, the issue of ownership of the subject property was entered as a consent judgment on June 22, 1993, and Exhibit A is evidence of such judgment. Thus, the sufficiency of the answer under OCGA § 16-13-49 (o) (3) was satisfied when the Bells admitted to the prior consent judgment in their answer.

OCGA § 9-11-10 (c) provides that "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." "Under OCGA § 9-11-81, [the incorporation by reference provision of OCGA § 9-11-10 (c)] of the Civil Practice Act, including [incorporation of exhibits attached to pleadings], appl[ies] to forfeiture proceedings unless '*specific*,' '*expressly prescribed*' rules of the forfeiture statute conflict with the [incorporation of exhibits] provisions of the CPA." (Emphasis in original.) *Rojas v. State of Ga.*, 269 Ga. 121, 122 (2) (498 SE2d 735) (1998). "Where a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading. [Cits.]" *H & R Block v. Asher*, 231 Ga. 780, 781 (204 SE2d 99) (1974). By the district attorney incorporating such consent judgment as Exhibit A to his complaint, he satisfied the Bells' answer requirement under OCGA § 16-13-49 (o) (3) (C) ("nature and extent of the claimant's interest in the property"); (D) ("date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property"); and (F) ("[a]ll essential facts supporting each assertion"). Whatever the Bells' claims of ownership had previously been, for purposes of the forfeiture statute, such judgment-exhibit evidenced their claim. Therefore, by admitting in their answer such judgment-exhibit as part of the complaint, the Bells satisfied the sufficiency of the answer under OCGA § 16-13-49 (o) (3).

Further, the Bells attached a copy of their recorded deed as Exhibit A to their amended answer on May 17, 1997, to be incorpo-

rated by reference. A claimant can correct the deficiencies of a previous answer by amendment. *Rojas v. State of Ga.*, supra at 122. Such amendment also corrected the lack of verification by Otis Bell. See OCGA § 9-11-11 (c); *Rojas v. State of Ga.*, supra at 122; *Edwards v. Edwards*, 227 Ga. 307 (180 SE2d 358) (1971). A claimant can correct a deficient answer by amendment that incorporates an exhibit, i.e., the warranty deed, containing such facts as part of their answer, which provided information regarding from whom the property was acquired, the date of acquisition, and the consideration paid. Such facts satisfy OCGA § 16-13-49 (o) (3).

Both the district attorney and the Bells became bound by such admissions in judicio made in their respective pleadings until amended as to the Bells' claim to the realty. See OCGA §§ 24-3-30; 24-4-24 (b) (7). A pleader is bound by the allegations of his own pleadings unless or until removed by amendment and is not permitted to introduce evidence in denial of such admission in judicio. *Budget Rent-A-Car of Atlanta v. Webb*, 220 Ga. App. 278, 280 (1) (469 SE2d 712) (1996); accord *State Hwy. Dept. v. Lumpkin*, 222 Ga. 727 (152 SE2d 557) (1966); *Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601 (385 SE2d 677) (1989). Such admission in judicio applies only to the admission of fact, but does not apply to opinions or conclusions of law. *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828 (360 SE2d 280) (1987); *Scott v. Jefferson*, 174 Ga. App. 651 (331 SE2d 1) (1985). "No sensible reason occurs to us why [a party] may not avail himself of all allegations in the [opposite party's pleadings], without formally tendering the [pleadings] in evidence, or otherwise proving the admissions [they contain]. . . . [The opposite party] certainly should be bound by whatever he chooses to allege therein." *East Tenn. &c. R. Co. v. Kane*, 92 Ga. 187, 192-193 (5) (18 SE 18) (1893). Ownership of land is a matter of fact that can be admitted in judicio.

Under OCGA § 44-2-1, the sole purpose and effect of recordation of deeds are to afford third parties with constructive notice of the existence of the deed and the information contained within the deed. *Bennett v. Southern Pine Co.*, 123 Ga. 618 (51 SE 654) (1905); *City Wholesale Co. v. Harper*, 100 Ga. App. 151 (110 SE2d 561) (1959); *Fourth Nat. Bank of Columbus v. Howell*, 92 Ga. App. 868 (90 SE2d 78) (1955). Thus, when the district attorney sets forth in his complaint the legal description of the property and goes further to recite the recordation of the book and page of the deed in the superior court clerk's records, he admitted in judicio to having actual knowledge of the record title owners, i.e., the Bells, or lien owner, as well as date of acquisition, consideration, and conveyor as reflected in the cited deed. See OCGA § 24-4-24.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 13, 1998.

*Edward R. Downs, Jr.*, for appellants.
*Peter J. Skandalakis, District Attorney, Andrew T. Jones, Victoria S. Aronow*, for appellee.