## A02A1456. THOMPSON v. THE STATE.
### (571 SE2d 158)

JOHNSON, Presiding Judge.
 The grand jury for Houston County indicted Phillip Thompson for rape, two counts of child molestation, and incest. A jury found him guilty of one count of child molestation and the lesser included offense of sexual battery. Thompson appeals, alleging the evidence was insufficient to prove venue beyond a reasonable doubt and that the trial court abused its discretion in permitting testimony concerning the reliability of polygraph examinations. We find no error and affirm Thompson's convictions.
 1. In his first enumeration of error, Thompson contends the evidence was insufficient to convince a rational trier of fact beyond a reasonable doubt that venue was proper in Houston County. Venue is more than a mere procedural nicety; it is a constitutional requirement that all criminal cases be conducted in the county in which the crimes are alleged to have occurred.[1] Without exception, the state is required in all criminal trials to introduce evidence establishing that venue is properly laid beyond a reasonable doubt.[2] Here, the state was required to prove venue for both the September 9, 1999 child molestation which occurred at Thompson's home and the August 15, 1999 sexual battery which occurred at Thompson's office.
 The state argues that it established venue beyond a reasonable doubt as to both offenses by showing that the investigating officer and the Department of Family & Children Services investigator in this case were both employed by Houston County. In the past, this Court has held that evidence that the investigating officer was

---

[1] See Ga. Const., Art. VI, Sec. II, Par. VI.
[2] *Jones v. State*, 272 Ga. 900 (537 SE2d 80) (2000).

employed by the police department of the county in which the case was tried is sufficient to prove venue when only slight evidence is needed because "the State is at least entitled to an inference that the officer acted within his territorial jurisdiction."[3] However, the Supreme Court has clearly held in several cases that the slight evidence exception to prove venue will not be recognized in any appeal from a judgment of conviction entered after a bench or jury trial in any criminal matter.[4] Thus, to establish venue beyond a reasonable doubt, the state must present more evidence than the investigating officer's county of employment.

With respect to the child molestation offense, evidence was presented that the investigating officer was employed by the Houston County Sheriff's Department. In addition, the investigating officer testified that Thompson's house, where the victim was molested on September 9, 1999, was located "in the south end of the county." The only reasonable meaning of this testimony is that Thompson's house was located in Houston County, where the investigating officer was employed.[5] Moreover, Thompson admitted in his request for bond reduction/reconsideration that he has been a resident of Houston County all of his life. Thus, the investigating officer's employer was not the only evidence of venue relied upon by the trial court. The evidence was sufficient to establish venue in Houston County as to Thompson's child molestation conviction.

We likewise find sufficient evidence to establish venue in Houston County as to Thompson's sexual battery conviction. Although the state failed to ask the investigating officer to state the county in which Thompson's shop was located, the record reveals that the victim nodded affirmatively when asked if the shop was located in Warner Robins. The record further reveals that in his request for bond reduction/reconsideration, Thompson admitted his automobile repair shop was located in Houston County. Thus, Thompson is estopped from arguing on appeal that the state failed to prove venue because Warner Robins is located in both Houston County and Peach County. It is well established that a party to a trial may make admissions in judicio in their pleadings, motions, and briefs.[6] When such an admission is made, it is binding upon the party and estops the party from denying the admission or introducing any evidence to controvert the admission, even if it is untrue.[7] Thus, the investigating

---

[3] (Punctuation omitted.) *Allen v. State*, 243 Ga. App. 730, 731-732 (2) (534 SE2d 190) (2000); *Frisbey v. State*, 236 Ga. App. 883, 885 (2) (514 SE2d 453) (1999), overruled in part, *Jones*, supra.

[4] See *Jones*, supra at 903 (2).

[5] See *Robinson v. State*, 275 Ga. 143, 144 (2) (561 SE2d 823) (2002).

[6] *Froelich v. State*, 210 Ga. App. 647, 648, n. 1 (437 SE2d 358) (1993).

[7] Id.

officer's employer was not the only evidence of venue relied upon by the trial court, and the evidence was sufficient to establish venue in Houston County as to Thompson's sexual battery conviction.

2. Thompson next contends the trial court abused its discretion in permitting testimony concerning the reliability of polygraph examinations. According to the record, Thompson consented to take a polygraph examination, and he stipulated to the admissibility of the results. An expert testified that Thompson's responses to the polygraph examination were "usually indicative of deception." The expert then began to explain why she qualified her answer, testifying about the reliability of polygraph examinations. Thompson argues that the expert's testimony concerning the reliability of the polygraph examination had the effect of bolstering the expert's testimony and exaggerating the importance of the test results and Thompson's statement which followed the polygraph examination. We find no error.

Although our Supreme Court has stated that doubt exists as to the complete reliability of lie detector tests, it has consistently held that upon express stipulation of the parties, "the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have."[8] The "results" of a lie detector test can be interpreted to be (1) the charts resulting from a graphing of the responses of the person tested, and/or (2) the opinion of an expert based on those charts.[9] The record reveals that the Georgia Bureau of Investigation agent was properly qualified as an expert and, contrary to Thompson's contention, the agent was properly allowed to give her opinion interpreting the results of Thompson's test.[10] "Of course, by cross examination counsel may show any vagueness of the electronic indications or any subjectiveness of the examiner's interpretations, as well as exploring conditions other than the subject's untruthfulness which could have produced such responses."[11]

Moreover, regarding the polygraph examination and the examiner's testimony, the trial court charged the jury as follows:

Now, there has been certain evidence admitted during the trial of this case concerning a polygraph test administered to the defendant and a polygraph examiner's opinions and conclusions as to the results. You're not bound by any such evidence in any way. You are at liberty to either accept or reject such evidence as you may desire in your sole discretion.

---

[8] *State v. Chambers*, 240 Ga. 76-77 (239 SE2d 324) (1977).
[9] *Sisson v. State*, 181 Ga. App. 784, 786 (353 SE2d 836) (1987).
[10] See *Vasser v. State*, 273 Ga. 747, 749 (2) (545 SE2d 906) (2001).
[11] *Chambers*, supra at 77.

Whether you will consider any such evidence and what weight you shall attach to it is a matter solely for you to determine. The polygraph examiner's opinion can only be used to indicate whether at the time of the polygraph examination the defendant believed that he was telling the whole truth. You're not bound by the polygraph examiner's conclusions and the examiner's testimony is not controlling on the issues and may be entirely disregarded by you. It is for you to decide what weight, if any, should be given to the evidence concerning the polygraph test, its results, and examiner's opinions and conclusions.

This jury charge was a proper statement of the law.[12] Given this jury instruction, it is "highly probable that the error [if there was such] did not contribute to the judgment."[13] This enumeration of error lacks merit.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 12, 2002 —
RECONSIDERATION DENIED SEPTEMBER 18, 2002 — 

*L. Elizabeth Lane*, for appellant.
*Kelly R. Burke, District Attorney, Katherine K. Lumsden, Amy E. Smith, Assistant District Attorneys*, for appellee.

---

[12] See *Chambers*, supra at 80.
[13] (Citations and punctuation omitted.) *Pittman v. State*, 208 Ga. App. 211, 221 (10) (430 SE2d 141) (1993).
[1] OCGA § 16-14-1 et seq.