## S02A0830. JOHNSON v. THE STATE.
(571 SE2d 799)

FLETCHER, Chief Justice.

Brandon Johnson was convicted of felony murder in the shooting death of Demarcus Clark.[1] Johnson appeals, contending that the trial court erred in denying his motion to suppress his custodial statement. Because Johnson made the statement knowingly and voluntarily after being informed of and waiving his rights, we affirm.

1. The evidence at trial showed that Brandon and the victim were acquaintances. One night, while the victim and others were gathered outside a home in Brandon's neighborhood, Brandon approached and displayed a gun to his friends. The victim said that the gun was a single-shot gun, but Brandon took offense at that description of the gun. Brandon threw down the gun and the two started fighting. After the fight, Brandon left the area and returned shortly with his older brother, Roderick Johnson. Roderick challenged the victim to a fight, but the victim ran away to the next block. Roderick and Brandon then went to their home, got guns, and along with another man, Donald Shockley,[2] approached the unarmed victim and started shooting.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Brandon Johnson guilty of the crime charged.[3]

2. Johnson contends that admission of statements made to police after his arrest was error because they were not voluntary. At the *Jackson-Denno*[4] hearing, Johnson did not testify, but the trial court reviewed the statement that was videotaped. The officer who interviewed Johnson testified that he informed Johnson of his constitutional rights, and Johnson indicated that he understood his rights, wanted to make a statement, and signed a waiver of counsel form. He also testified that Johnson did not appear to be under the influence of drugs or alcohol and that he never asked for an attorney or invoked his right to remain silent. The trial court was entitled to credit the officer's testimony and we conclude that Johnson has failed to demonstrate that the admission of the statements was error.

---

[1] The crime occurred May 26, 1999. A grand jury indicted Johnson on December 28, 1999. Following a jury trial, he was convicted of felony murder and sentenced to life imprisonment on March 24, 2000. Johnson filed a motion for new trial on March 31, 2000, which was denied on November 29, 2001. He filed his notice of appeal on December 13, 2001. The case was docketed in this Court on February 19, 2002, and submitted for decision without oral argument on April 15, 2002.

[2] Shockley pled guilty to aggravated assault and testified at Johnson's trial. Roderick Johnson was also charged with felony murder and was tried after the trial in this case.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

3. Johnson also contends that his trial counsel was ineffective. However, Johnson did not present the testimony of trial counsel at the motion for new trial hearing. As this Court has previously noted, when trial counsel does not testify at the motion for new trial hearing, it is extremely difficult for a defendant to overcome the presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[5] Additionally, Johnson has failed to show how he was prejudiced by his counsel's alleged deficiencies. Therefore, Johnson has not met his burden under *Strickland v. Washington*[6] of establishing that he was prejudiced by the deficient performance of trial counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*Patrick G. Longhi*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

[5] *Russell v. State*, 269 Ga. 511, 511 (501 SE2d 206) (1998).
[6] 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).