## S03A0219. GARRETT v. THE STATE.
### (580 SE2d 236)

FLETCHER, Chief Justice.

A jury convicted Michael Garrett of malice murder and related crimes for shooting to death Andre Poole.[1] On appeal, Garrett contends that the trial court's justification charge was inadequate. Because Garrett failed to request a broader charge and the trial court's instructions to the jury on justification adequately covered the applicable law, we affirm.

Taken in the light most favorable to the jury's verdict of guilty, the evidence at trial showed that Garrett had expressed a desire to "get" Poole because he believed that Poole had murdered Garrett's best friend. On March 22, 2000, Garrett drove into his apartment complex and saw Poole sitting on the back of a parked car listening to music along with several other people. The two men exchanged "cold"

---

[1] The crimes were committed on March 22, 2000. On April 7, 2000, a grand jury indicted Garrett for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. On October 16, 2000, a jury convicted Garrett on all counts. The trial court sentenced him to life imprisonment for the malice murder, followed by five years of imprisonment for the possession of a firearm conviction. The felony murder was vacated by operation of law, and the trial court determined the aggravated assault merged with the malice murder conviction. Garrett moved for a new trial on November 8, 2000 and amended his motion on August 21, 2002. The trial court denied the motion on September 13, 2002, and Garrett filed his notice of appeal the same day. The case was docketed in this Court on October 17, 2002 and submitted for decision without oral argument on December 9, 2002.

stares, and, after Garrett drove by, Poole moved to the passenger seat of the car. Garrett parked his car around the corner, grabbed a gun from under the seat, pushed aside a friend who tried to stop him, ran to within a few feet of Poole and shot him. Poole jumped out of the driver's side of the car and, with Garrett in pursuit, ran a short ways before collapsing on a nearby sidewalk. Poole died from two gunshot wounds. No weapon was found on Poole or in the car in which he had been sitting.

At trial, Garrett conceded that he had shot Poole, but argued that he suffered from a delusional compulsion that Poole was trying to kill him. According to Garrett, when he saw Poole, he believed that he was facing an imminent attack and shot Poole in self-defense. The jury rejected Garrett's defense and convicted him on all counts.

1. The evidence at trial was sufficient for a reasonable trier of fact to have found Garrett guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. The trial court instructed the jury on justification, and Garrett's attorney agreed that the trial court's charge was appropriate. On appeal, Garrett contends that (i) the trial court should have instructed the jury that threats and menaces can justify deadly force and (ii) his trial counsel was ineffective for not requesting a broader justification charge. Garrett's enumerations of error are without merit.

(a) Nothing about the justification charge that the trial court gave relieved Garrett from his general obligation to request any additional charges that he desired. Accordingly, Garrett's failure to request a charge on threats and menaces precludes him from raising its omission on appeal.[3]

(b) A defendant's trial attorney is presumed to have provided reasonably effective representation.[4] When, as here, trial counsel did not testify at the motion for new trial hearing, the defendant generally has a particularly difficult time overcoming the presumption that his attorney's conduct was within the wide range of reasonable professional assistance.[5] Garrett's attorney could have reasonably decided that the lack of evidence that Poole threatened or menaced Garrett immediately before the shooting made a charge on threats and menaces unnecessary and, perhaps, even unwise. Accordingly, Garrett has failed to show that his attorney's representation was deficient, which is a necessary component of his ineffective assis-

---

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Camphor v. State*, 272 Ga. 408, 413-414 (529 SE2d 121) (2000).

[4] *Morgan v. State*, 276 Ga. 72, 77 (575 SE2d 468) (2003).

[5] *Johnson v. State*, 275 Ga. 655, 656 (571 SE2d 799) (2002).

tance of counsel claim.[6]
   *Judgment affirmed. All the Justices concur.*

DECIDED MAY 5, 2003.

*Sharon L. Hopkins,* for appellant.
   *Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.