## S03G0176. THOMPSON v. THE STATE.
### (586 SE2d 231)

FLETCHER, Chief Justice.

We granted certiorari to the Court of Appeals of Georgia[1] to consider the proper scope of appellate review of the sufficiency of the evidence to establish venue. We hold that, because venue is an essential element of the State's case and must be decided by a jury, only evidence presented to the jury may be considered on appeal. Because the Court of Appeals relied upon material not presented to the jury, and because the evidence at trial was insufficient to establish venue for his misdemeanor conviction, we reverse in part.

A Houston County jury convicted Phillip E. Thompson of felony child molestation and misdemeanor sexual battery based on two incidents involving his 13-year-old daughter. Thompson appealed, contending that venue was not properly established.[2] The evidence at trial showed that one of the incidents occurred at Thompson's residence and the other occurred at his place of business. In concluding

---

[1] *Thompson v. State*, 257 Ga. App. 426 (2) (571 SE2d 158) (2002).
[2] Thompson was sentenced to twenty years, eighteen to serve, on the felony count, and a consecutive one-year term on the misdemeanor count.

that there was sufficient evidence of venue as to each incident, the Court of Appeals relied upon two statements made in Thompson's written motion for reconsideration of bond. The motion, filed on Thompson's behalf by his counsel, stated that Thompson had been a Houston County resident all his life and that his place of business was in Houston County.

1. The standard for review of the sufficiency of the evidence to support a criminal conviction is whether "[a]fter viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] The review of the sufficiency of the evidence to support venue is no different because venue is an essential element that must be proven beyond a reasonable doubt in every criminal trial.[4] In considering this standard, this Court and the Court of Appeals have consistently stated that the evidentiary review is limited to the evidence actually presented to the jury.[5] Other appellate courts have affirmatively rejected arguments that evidence outside the trial record should be considered.[6] The Court of Appeals, however, relied upon evidence that was never presented to the jury in order to conclude that evidence of venue was sufficient. By relying on materials never admitted into evidence, the Court of Appeals failed to conduct a proper sufficiency review.

2. The State contends that the statements made in Thompson's bond request constituted admissions in judicio, and therefore, no further evidence of venue was required. A criminal defendant may expressly authorize factual stipulations that will obviate the need for

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Jones v. State*, 272 Ga. 900, 902-903 (537 SE2d 80) (2000).

[5] See, e.g., *Garrett v. State*, 276 Ga. 556, 557 (580 SE2d 236) (2003) ("the evidence *at trial* was sufficient for a reasonable trier of fact to have found [the defendant] guilty") (emphasis supplied); *Miller v. State*, 275 Ga. 730, 731 (571 SE2d 788) (2002) ("the evidence introduced at trial . . . , was sufficient to enable rational triers of fact to find appellant guilty"); *Rhode v. State*, 274 Ga. 377, 378 (552 SE2d 855) (2001) (reviewing "the evidence produced at trial"); *Goss v. State*, 247 Ga. App. 520, 520 (544 SE2d 206) (2002) (in reviewing sufficiency of evidence, "we review evidence presented at trial").

[6] See *State v. Adams*, 554 N.W.2d 686, 691 (Iowa 1996) ("for purposes of reviewing the sufficiency of the evidence to support the judgment of conviction, we confine our consideration to the trial record"); *Shepler v. State*, 412 N.E.2d 62, 67 (Ind. 1980) (cannot consider evidence presented at suppression hearing in reviewing sufficiency of evidence to convict); *Chambers v. State*, 711 S.W.2d 240 (Tex. Ct. Crim. App. 1986) ("[w]hat is not in evidence is irrelevant to a determination of the sufficiency of the evidence"); *Hillman v. State*, 72 S.W.2d 607, 608 (Tex. Ct. Crim. App. 1934) (cannot consider statement of facts in companion case in reviewing sufficiency of evidence of cause of death); *United States v. Lopez-Ramirez*, 68 F.3d 438, 441 n.3 (11th Cir. 1995) (cannot consider defendant's statements at sentencing in determining sufficiency of evidence); *United States v. Escobar*, 674 F.2d 469, 477 (5th Cir. 1982) (cannot consider testimony made outside jury's presence in reviewing sufficiency of evidence).

proof.[7] However, the record in this case is devoid of any evidence that the statements made in connection with the request for bond were intended to operate as a stipulation regarding venue. Because no valid stipulation regarding venue existed, the State was required to introduce evidence at trial on the issue.

3. We have reviewed the evidence of venue presented at trial, and conclude that the evidence was sufficient regarding the venue of the child molestation charge. The evidence showed that the act supporting the child molestation charge occurred at Thompson's residence and there was evidence that the residence was in Houston County. The evidence with regard to the sexual battery charge is insufficient however. The victim testified that the act leading to this charge occurred at Thompson's place of business, but there was no evidence at all as to the location of the business. Therefore, we must reverse Thompson's conviction for sexual battery.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Benham and Carley, JJ., who concur in part and dissent in part.*

CARLEY, Justice, concurring in part and dissenting in part.

The majority correctly holds that the evidence adduced at trial shows that Thompson committed the offense of child molestation at his residence in Houston County, and I certainly concur in the affirmance of that conviction. I dissent, however, to the reversal of Thompson's conviction for the sexual battery occurring at his automobile repair shop. With regard to that crime, I believe that the Court of Appeals correctly held that he made a solemn admission in judicio that his place of business was located in Houston County and that such admission suffices to prove venue in that county.

The majority correctly holds that "[a] criminal defendant may expressly authorize factual stipulations that will obviate the need for proof. [Cits.]" Majority opinion, pp. 103-104. I submit that in this case, we have something even stronger than a stipulation. Here, the defendant made an admission in judicio. Therefore, resolution of this appeal will be based upon an analysis of the legal effect of such admissions.

An admission in judicio gives rise to an estoppel. *McDonald v. Hester*, 115 Ga. App. 740, 741 (155 SE2d 720) (1967). The principle of estoppel applies in criminal, as well as civil, cases. See *State v. O'Brien*, 28 SW 311, 312 (Tenn. 1894). It is well established that, in

---

[7] *Farmer v. State*, 100 Ga. 41, 45-46 (28 SE 26) (1896); *In re Glenn*, 200 Ga. App. 276, 277 (407 SE2d 428) (1991). See also *Richards v. State*, 269 Ga. 483 (500 SE2d 581) (1998); *Sanders v. State*, 252 Ga. App. 609, 613-614 (556 SE2d 505) (2001) (defendant may be tried wholly on stipulated facts).

Georgia, the defendant in a criminal proceeding "may make admissions in judicio in [his] pleadings, motions, and briefs. [Cits.]" *Bannister v. State*, 202 Ga. App. 762, 766 (1) (b) (415 SE2d 912) (1992). See also *Froelich v. State*, 210 Ga. App. 647, 648, fn. 1 (437 SE2d 358) (1993). Here, Thompson, acting through his attorney of record in this case, filed a Request For Bond Reduction/Reconsideration, wherein he admitted that "[h]is automobile repair shop is located in Houston County." "A statement by an attorney relating to the conduct of the client is to be considered as a statement by the client himself. [Cit.]" *White v. State*, 153 Ga. App. 808, 809 (266 SE2d 528) (1980). "An attorney is such an agent of his client that his declarations made during the course of his employment may be offered against his principal. [Cit.]" *W.T. Harvey Lumber Co. v. J.M. Wells Lumber Co.*, 104 Ga. App. 498-499 (2) (122 SE2d 143) (1961). Compare *Farmer v. State*, 100 Ga. 41, 45 (3) (28 SE 26) (1896) (where accused was party to a *prior civil action*, admissions made by a *different attorney* representing him therein not admissible in a subsequent criminal proceeding, absent express showing of authorization by accused); *In re Glenn*, 200 Ga. App. 276 (407 SE2d 428) (1991) (where stipulation withdrawn, not enforceable *against attorney* through contempt citation).

In the overwhelming majority of criminal cases, an enumeration of error which raises the general grounds must be determined on the basis of the evidence adduced at trial. However, unlike this appeal, most do not involve the accused's admission in judicio. See, e.g., *Garrett v. State*, 276 Ga. 556, 557 (1) (580 SE2d 236) (2003); *Miller v. State*, 275 Ga. 730, 731 (1) (571 SE2d 788) (2002); *Rhode v. State*, 274 Ga. 377 (1) (552 SE2d 855) (2001); *Goss v. State*, 247 Ga. App. 520 (544 SE2d 206) (2001). The legal effect of Thompson's admission was to eliminate the location of his business as a disputed evidentiary issue in the case. See *Lamar v. State*, 199 Ga. 1, 10 (33 SE2d 263) (1945) (jury question presented only as to issues not otherwise admitted by defendant). "*Without offering the same in evidence*, either party may avail himself of allegations or admissions made in the pleadings of the other." (Emphasis supplied.) OCGA § 24-3-30. Admissions in judicio "are not evidence. Rather, [they] define the issues in the suit." Green, Ga. Law of Evidence (5th ed.), § 238, p. 473.

> "No sensible reason occurs to us why (a party) may not avail himself of all allegations in the (opposite party's pleadings), without formally tendering the (pleadings) in evidence, or otherwise proving the admissions (they contain). . . . (The opposite party) certainly should be bound by whatever he chooses to allege therein." [Cit.]

*Bell v. State of Ga.*, 234 Ga. App. 693, 695 (507 SE2d 535) (1998).

> The opposite party may use judicial admissions to establish facts without introducing other evidence. Unless stricken, amended or withdrawn, the pleader is precluded from afterwards denying an admission in judicio. . . . It is presumed that the opposite party has relied upon the admission in judicio to provide or to establish the fact or facts; that he does not have proof readily at hand to supply evidence in place of the admission; and that he must have a reasonable time to supply the missing evidence in the proof of his case caused by the withdrawal of the admission in judicio.

Green, supra at p. 474.

The majority cites *Jones v. State*, 272 Ga. 900, 902-903 (2) (537 SE2d 80) (2000), for the proposition that "venue is an essential element that must be proven beyond a reasonable doubt in every criminal *trial*." (Emphasis supplied.) Majority opinion, p. 103. However, what *Jones,* supra at 902-903 (2), actually holds is that "[t]he State may establish venue *by whatever means of proof are available* to it. . . . It must . . . come forth in *all criminal prosecutions* with evidence to show beyond a reasonable doubt that venue is properly laid." (Emphasis supplied.) Thus, the scope of permissible inquiry to determine whether venue was shown in this case is as broad as Thompson's criminal prosecution, and is not limited to the actual trial. His own admission in judicio was an available means through which the State could meet its burden of showing beyond a reasonable doubt that Houston County was the location of his business and, thus, was the proper venue for the sexual battery offense committed at that location. The only relevant issue here is whether, in the context of the prosecution as a whole, the State did meet its burden of proof as to venue through that means.

Thompson voluntarily admitted that his business was located in Houston County in support of his effort to obtain release on bond pending his trial for sexual battery. He never withdrew the admission prior to his conviction for that crime.

> " 'Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration. He is not permitted to thus mend his hold. He is estopped from doing it by a settled principle of law.' [Cit.]"

*Weldon v. Lashley,* 214 Ga. 99, 103 (3) (103 SE2d 385) (1958). Therefore, the State was entitled to rely on the admission without ever for-

mally tendering it into evidence at the trial, and to assume that there was no need to produce any additional evidence of venue for the jury's consideration. Only after Thompson was convicted did he question the sufficiency of the evidence in that regard. Having previously sought to benefit from the location of his shop in Houston County, it was too late for Thompson to contest the State's reliance upon his admission to show that the venue of the sexual battery committed on his business premises was in that county.

> "It is a well-recognized principle of law that when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position." [Cits.]

*Dunn v. Dunn*, 221 Ga. 368, 372 (3) (144 SE2d 758) (1965).

The Court of Appeals correctly found that Thompson could not avoid the legal effect of the admission in judicio from which he sought to benefit. "When such an admission is made, it is binding upon the party and estops the party from denying the admission or introducing any evidence to controvert the admission, even if it is untrue. [Cit.]" *Thompson v. State*, 257 Ga. App. 426, 427 (1) (571 SE2d 158) (2002). Thus, I dissent to today's decision reversing that correct ruling, which reversal allows Thompson to evade the legal consequences of his own unwithdrawn admission and penalizes the State for its justifiable reliance thereon.

I am authorized to state that Justice Benham joins in this dissent.

DECIDED SEPTEMBER 15, 2003.

*L. Elizabeth Lane, James C. Bonner, Jr.*, for appellant.
*Kelly R. Burke, District Attorney, Katherine K. Lumsden, Amy E. Smith, Assistant District Attorneys*, for appellee.