S10A0157. ELLIS v. THE STATE.

(695 SE2d 35)

CARLEY, Presiding Justice.

A jury found Corey Ellis guilty of two counts of malice murder, four counts of felony murder, two counts of aggravated assault, two counts of armed robbery and one count of possession of a firearm during the commission of a felony. The trial court entered judgments

of conviction and sentenced Ellis to consecutive terms of life imprisonment for the malice murders and five years for the weapons charge. The felony murder verdicts were vacated by operation of law and the trial court merged the remaining counts into the malice murder counts. Ellis appeals after the denial of a motion for new trial.*

1. Construed most strongly in support of the verdicts, the evidence shows that Ellis arranged to sell illegal drugs to Lamar Francis and Ernest Wilson. The men met at an abandoned lumberyard, where Ellis, using a handgun, took money from Francis and Wilson, and shot and killed them. The evidence was sufficient for a rational trier of fact to find Ellis guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ellis claims that his trial counsel was ineffective in failing to object to inadmissible evidence concerning other bad acts. In order to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Ellis " 'must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. (Cit.)' [Cit.]" *Hill v. State*, 284 Ga. 521, 522 (2) (668 SE2d 673) (2008). " 'On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. (Cit.)' [Cit.]" *King v. State*, 282 Ga. 505, 506 (2) (651 SE2d 711) (2007).

Contrary to Ellis' claim, the record shows that trial counsel did in fact object to the admission of evidence of other acts. After Ellis testified, the trial court heard, outside the jury's presence, argument from both parties as to whether Ellis' character had been placed in issue. The State claimed that Ellis' testimony had put his character in evidence and opened the door to rebuttal evidence of other bad acts. Trial counsel for Ellis disputed that claim, arguing that Ellis' testimony was a mere slip of the tongue that did not put his character in evidence, and citing *Jones v. State*, 257 Ga. 753, 758 (1) (363 SE2d 529) (1988) for the proposition that an inadvertent statement by a defendant does not place his character in issue. Ellis' attorney also argued that, to the extent that Ellis inadvertently put

---

* The crimes occurred on July 12, 2004, and the grand jury returned the indictment on March 22, 2005. The jury found Ellis guilty, and the trial court entered judgment on November 6, 2006. Ellis filed a motion for new trial on November 29, 2006. An amended motion for new trial was filed on October 28, 2008, and was denied on August 17, 2009. The notice of appeal was filed on September 4, 2009. The case was docketed in this Court on September 29, 2009, and submitted for decision on the briefs.

his character in issue, it was the result of counsel's inarticulate questioning and ineffective assistance, and the admission of other bad acts evidence would be highly prejudicial to Ellis. The trial court then ruled against Ellis, stating that it had considered *Jones v. State,* supra, and other case law, finding that Ellis' testimony was not inadvertent and that he intentionally opened the door to the issue of character, finding also that trial counsel was not ineffective, and concluding that the State could introduce evidence of any prior bad acts. After the trial court explained precisely how the State could question Ellis about the other bad acts, trial counsel excepted to the ruling, and the trial court granted a continuing objection.

> It is the rule in Georgia that "(o)bjections should be made with sufficient specificity for the trial court to identify the precise basis. It is not important in what format the allegation is cast so long as it is clear to the court the specific error alleged that (the court) may have the opportunity to correct them. (Cit.)" [Cit.]

*Sharpe v. Dept. of Transp.,* 270 Ga. 101, 102 (505 SE2d 473) (1998). Moreover, "[o]nce the trial court has addressed a party's motion or objection and has issued a ruling, the party adversely affected need not then further object or 'except' to the trial court's ruling in order to preserve the issue for appeal." *Davie v. State,* 265 Ga. 800, 802 (2) (463 SE2d 112) (1995). In this case, regardless of the format of trial counsel's objections, the allegations were made with sufficient specificity for the trial court to identify their precise basis. Indeed, trial counsel's challenges satisfied the "first and foremost requirement for a valid objection [in that they] specifically point[ed] out how the proposed [evidence] violates some established rule of evidence or procedure." McFadden, Brewer, Sheppard, Cork, Snyder & Webster, *Ga. Appellate Practice* (2008-2009 ed.), § 9:5, p. 283. Because the defense lawyer objected and obtained a ruling from the trial court, "[Ellis] cannot establish that his trial counsel was deficient. [Cit.]" *Davenport v. State,* 278 Ga. App. 16, 22 (2) (b) (ii) (628 SE2d 120) (2006), disapproved in part on other grounds, *Schofield v. Holsey,* 281 Ga. 809, 811-812 (II), n. 1 (642 SE2d 56) (2007). See also *Moore v. State,* 242 Ga. App. 249, 251 (1) (b) (529 SE2d 381) (2000).

Moreover, even if counsel's performance was deficient, "[Ellis] has failed to carry his burden to prove the prejudice prong of his ineffective assistance claim. [Cit.]" *Everett v. State,* 297 Ga. App. 351, 354 (677 SE2d 394) (2009). In this connection, we consider the overwhelming evidence of Ellis' guilt, including his admission to a friend that he committed the murders, cellular telephone records placing him near the murder scene, his conflicting statements to

police, originally claiming that he knew nothing about the murders and then confessing that he was present at the murder scene, and his admission that he went on a nearly $1,000 spending spree almost immediately after the robbery and killings. Accordingly, we conclude that Ellis has "failed to show that there is a reasonable probability that the outcome of the trial would have been different but for trial counsel's [purported] omission. [Cits.]" *Everett v. State*, supra. See also *Mann v. State*, 273 Ga. 366, 370-371 (2) (541 SE2d 645) (2001).

3. Ellis contends that the trial court erred in failing to instruct the jury not to consider his general character or conduct in other transactions. However, Ellis did not request such a charge.

> [A] criminal defendant is ordinarily required to present written requests for any desired jury instructions. [Cit.] He is relieved of this duty only "where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. (Cit.)" [Cit.] . . . [Here,] omission of the unrequested charge was not clearly harmful as a matter of law.

*Camphor v. State*, 272 Ga. 408, 414 (6) (b) (529 SE2d 121) (2000). Therefore, Ellis' failure to request the charge precludes him from challenging its omission on appeal. *Garrett v. State*, 276 Ga. 556, 557 (2) (a) (580 SE2d 236) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Kenneth D. Kondritzer*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, John O. Williams*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Sara K. Sahni*, Assistant Attorney General, for appellee.